**UNITED STATES of America, Plaintiff,**

v.

**Joseph Miller CALVERT, Defendant.**

**No. 76–114–NA–CR.**

United States District Court,
M. D. Tennessee,
Nashville Division.

June 9, 1977.

---

Charles H. Anderson, U. S. Atty., Nashville, Tenn., for plaintiff.

David Vincent, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge, Sitting by Designation.

The defendant Mr. Calvert mailed to the undersigned judge a document bearing the title, *Joseph Miller Calvert vs. United States of America*, bearing the identification, Criminal Case # 76–114–NA–CR, headed "Motion to Reconsider Order Or in the Alternative, Motion for Leave to Take an Interlocutory Appeal in Forma Pauperis", and applying to the Court to reduce his sentence on the grounds of " * * * newly discovered evidence and more support of merit which were not available to the Honorable Judge at the time he OVERRULED this motion for lack of merits. * * * "

Sentence was imposed upon Mr. Calvert herein on October 8, 1976. His motion for a reduction in sentence was found to lack merit and was overruled on November 10, 1976.

The aforementioned document makes no claim of the right of Mr. Calvert to be released from his sentence herein upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that this Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. Thus, it does not qualify as a motion under the provisions of 28 U.S.C. § 2255.

■ Exhibited with such application were six letters, memoranda or other documents. On the basis of these documents, Mr. Calvert prayed that the Court reduce his sentence herein or order such sentence served concurrently with another sentence he received. Also accompanying the document were affidavits of Mr. Calvert which, under a liberal reading, are sufficient to support an application for leave to proceed on appeal in forma pauperis * from this Court to the Court of Appeals for the Sixth Circuit. Rule 24(a), Federal Rules of Appellate Procedure. On the basis of these affidavits, Mr. Calvert sought leave to appeal this Court's aforementioned order of November 10, 1976. Thus, it appears that Mr. Calvert's document must be treated as (a) a second motion for a reduction in sentence and (b) an application for leave to appeal in forma pauperis.

" * * * The [C]ourt may reduce a sentence within 120 days after the sentence is imposed. * * * " Rule 35, Federal Rules of Criminal Procedure. By mathematical computation, it is obvious that 120 days after October 8, 1976 have long since expired. Regardless of the extenuating circumstances or excuse, this Court has no jurisdiction to reduce a sentence after such 120-day period has expired, and this time-limitation cannot be extended by the district court. *United States v. Ellenbogen*, C.A.2d (1968), 390 F.2d 537, 541[2], certiora-

---

* Mr. Calvert was represented on trial and during the sentencing proceeding herein by retained counsel.

ri denied (1968), 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206. The United States Supreme Court has stated flatly: " \* \* \* a District Court [of the United States] may not reduce a sentence under Rule 35 after the expiration of the \* \* \* period prescribed by that Rule regardless of excuse. \* \* \* " *United States v. Robinson* (1960), 361 U.S. 220, 226, 80 S.Ct. 282, 286, 4 L.Ed.2d 259, 263 (headnote 3).

For want of jurisdiction, therefore, the defendant's motion of June 1, 1977 for a reduction in sentence hereby is DENIED.

■ " \* \* \* In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the \* \* \* order appealed from. \* \* \* Upon a showing of excusable neglect the district court may, \* \* \* after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." Rule 4(b), Federal Rules of Appellate Procedure. More than 40 days patently having expired since November 10, 1976, this Court is powerless to grant Mr. Calvert leave to file a notice of appeal from its order of that date. However, an order denying a motion under Rule 35, *supra*, is appealable, see *Spradley v. United States*, C.C.A. 6th (1947), 162 F.2d 203, and he may give timely notice of an appeal from this order within 10 days after its entry. In that event, he hereby is granted leave to proceed on such appeal in forma pauperis.