582 P.2d 396
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Orlando J. PADILLA,**
**Defendant-Appellant.**

No. 3468.

Court of Appeals of New Mexico.

June 20, 1978.

Writ of Certiorari Denied July 19, 1978.

John B. Bigelow, Chief Public Defender, Santa Fe, Joseph N. Riggs, III, Asst. Public Defender, Mark H. Shapiro, Asst. Appellate Defender, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Dennis P. Murphy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Found to be, and sentenced as, an habitual offender, defendant appeals. We discuss: (1) applicability of Rule of Crim.Proc. 37; (2) trial court jurisdiction; (3) admission of documentary evidence; and (4) right of confrontation.

*Applicability of Rule of Crim.Proc. 37(b)*

Final judgment for defendant's robbery conviction was entered November 20, 1976. A supplemental information, charging defendant as an habitual offender on the basis of prior burglary and larceny convictions in 1971 (1972), was filed January 20, 1977. In March, 1977 the trial court granted defendant's motion to dismiss on the basis that the sentence for the 1971 (1972) convictions had been deferred. The State appealed, we reversed, and the Supreme Court affirmed the reversal. *Padilla v. State*, 90 N.M. 664, 568 P.2d 190 (1977). This Court's mandate was issued September 9, 1977.

Defendant then moved to dismiss the supplemental information on the basis of Rule of Crim.Proc. 37(b). That rule states:

(b) *Trial.* The trial shall be commenced within six months after the date of filing in the district court of the complaint, information, indictment, or notice of appeal from the magistrate court or the date of arrest, whichever is later. In the event of a new trial, mistrial or reversal of a conviction on appeal, a subsequent trial shall be commenced within six

months after the date of the order granting the new trial, the declaration of the mistrial or the mandate of the appellate court.

■ Rule of Crim.Proc. 37(b) applies to habitual offender proceedings. *State v. Lopez,* 89 N.M. 82, 547 P.2d 565 (1976). The question is whether the rule applies to the facts of this case.

The trial court dismissed the supplemental information; the State appealed. During the pendency of the appeal, the State did not seek an extension of time for trial under the supplemental information, nor did it seek a determination that defendant was responsible for the delay. See *State v. DeBaca,* 90 N.M. 806, 568 P.2d 1252 (Ct. App.1977). Defendant sought dismissal under Rule of Crim.Proc. 37(b) prior to trial on the supplemental information and after six months had run, whether it ran from the filing of, or arrest under, the supplemental information. See *State v. Dominguez,* 91 N.M. 296, 573 P.2d 230 (Ct.App.1977). Avoidance of Rule of Crim.Proc. 37(b) depends on the effect of the State's appeal from dismissal of the supplemental information.

We hold that Rule of Crim.Proc. 37(b) was inapplicable on each of the following grounds, but without ruling as to which ground is controlling.

■ (1) The second sentence of Rule of Crim.Proc. 37(b) states: "In the event of a new trial, mistrial or reversal of a conviction on appeal, a subsequent trial shall be commenced within six months after the date of the order granting the new trial, the declaration of the mistrial or the mandate of the appellate court."

While this language does not expressly refer to the appellate court's reversal of the trial court's dismissal of an information, the reference to "reversal of a conviction" is sufficiently analogous to indicate the Supreme Court did not intend the six-month provision to apply to delay resulting from appellate proceedings. Under this reasoning, there were six months from September 9, 1977 in which to try the habitual offender

charge. Trial was on December 30, 1977 and was timely.

■ (2) In *State v. Peavler,* 88 N.M. 125, 537 P.2d 1387 (1975) the trial court's dismissal of an indictment was reversed. The opinion states: "All time deadlines arising under the Rules of Criminal Procedure, including Rule 37, are tolled for the period commencing with the filing of defendants' motions in district court and ending on the date of our mandate." Defendant filed his motion to dismiss the supplemental information, on the basis of the deferred sentence, on March 17, 1977; our mandate issued September 9, 1977. Under *Peavler,* supra, this time period was tolled. The dates that count against the six-month period are January 20, 1977 to March 17, 1977 and September 9, 1977 to trial on December 30, 1977. Under *Peavler,* supra, the trial was timely.

(3) Once the trial court dismissed the supplemental information, there was no case to be tried in the district court and, thus, no case to which the time limitation of Rule of Crim.Proc. 37(b) applied. Only upon reversal of the trial court's dismissal and the issuance of a mandate returning the case to the district court, would there be a case in the district court to which a time limitation was applicable. This reasoning does not choose between (1) and (2) above, but supports both.

*Trial Court Jurisdiction*

There was a two-month interval between the final judgment on the robbery conviction, entered November 20, 1976, and the filing of the supplemental information on January 20, 1977. The robbery conviction was after a non-jury trial.

Section 21–9–1, N.M.S.A. 1953 (Repl.Vol. 4) gives a trial court jurisdiction over its final judgment in a non-jury trial for thirty days after entry of the final judgment. Defendant contends that under § 21–9–1, supra, the trial court lacked jurisdiction over the supplemental information, filed two months after entry of the final judgment. We disagree.

Section 40A–29–6, N.M.S.A. 1953 (2d Repl.Vol. 6) provides for the institution of habitual offender charges "at any time, either after sentence or conviction". See also § 40A–29–8, N.M.S.A. 1953 (2d Repl. Vol. 6). The provisions of the Habitual Offender Act are mandatory. *State v. Lujan,* 90 N.M. 103, 560 P.2d 167 (1977). The specific provision of filing "at any time" controls over the general provision of § 21–9–1, supra. *State v. Blevins,* 40 N.M. 367, 60 P.2d 208 (1936); *State v. Riley,* 82 N.M. 235, 478 P.2d 563 (Ct.App.1970).

*Admission of Documentary Evidence*

The evidence involved under this issue consists of a series of documents taken from the records of the penitentiary. The eleven series—11A through 11C—consist of a photograph, a judgment and sentence, and a fingerprint card—all purporting to pertain to Orlando J. Padilla; 11D is a certification, signed by the records manager and the warden, and bears the penitentiary seal. The twelve series—12A through 12C—consist of a photograph, a commitment, a judgment and sentence, and a fingerprint card—all purporting to pertain to Orlando J. Padilla; 12D is a certification, signed by the records manager and the warden, and bears the penitentiary seal.

Defendant contends these documents were never admitted as evidence. The tapes show that defendant objected to the admission of the documents on various grounds, that the trial court considered the objections, ruled the documents were properly authenticated and were admissible under Evidence Rule 803(8) as an exception to the hearsay rule. Defendant's argument is that the trial court ruled the documents "are admissible" but never actually stated that the documents "are admitted". This argument is frivolous; the tapes show the documents were considered as admitted and that defendant, by questions directed toward the photographs and fingerprint cards, understood that the documents were admitted.

Defendant points out that the State never offered the certifications into evidence. He argues that, without the authentication provided by the certifications, the other documents were improperly admitted. This claim is also frivolous. The documents in both the eleven and twelve series are stapled together. The trial court remarked that each series was "basically one exhibit"; its ruling of admissibility applied to the entire series as one exhibit. There is no factual basis for defendant's claim.

Evidence Rule 803(8) exempts public records and reports from the hearsay rule. It reads in part:

(8) *Public Records and Reports.* Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel

. . . . .

Defendant contends the photographs and fingerprint cards were improperly admitted under either paragraphs (A) and (B) of the rule because there was no evidence "that the photographs and fingerprints fit either category." We do not consider the arguments directed to paragraph (B) because no issue as to paragraph (B) was raised in the trial court. N.M.Crim.App. [Rule] 308. Admissibility under paragraph (A) was raised in the trial court by defendant's argument that the certifications were an insufficient foundation for admissibility of the photographs and fingerprint cards.

The certifications of the record manager are that the photographs and fingerprint cards are true and correct copies of the original records of Orlando J. Padilla, a person "heretofore committed to said penal institution". The certifications of the warden are that the records manager was in fact the records manager, had custody of the original records, and the signature of the records manager was genuine. The warden's signature bears the penitentiary seal. The certifications were sufficient to

authenticate the documents under Evidence Rule 902(1) and (4). Extrinsic evidence of authenticity was not required. See *State v. Dawson,* 91 N.M. 70, 570 P.2d 608 (Ct.App. 1977).

Although the photographs and fingerprint cards were authenticated as records of the penitentiary, defendant contends the "foundation" for admissibility was insufficient because there is nothing showing these records were "activities of the office or agency". See Evidence Rule 803(8)(A). Defendant claims that for the photographs and fingerprint cards to be admissible, there must be testimony showing that it was an activity of the penitentiary to include photographs and fingerprint cards in the penitentiary records. Compare *State v. Gallegos,* 91 N.M. 107, 570 P.2d 938 (Ct.App. 1977).

· We agree there is no testimony that photographs and fingerprint cards are a part of the penitentiary's activities.

 *State v. Ramirez,* 89 N.M. 635, 556 P.2d 43 (Ct.App.1976) discusses the differences in admissibility requirements under Evidence Rule 803(6) and 803(8). Admissibility under Evidence Rule 803(8) does not require the testimony of the custodian or other qualified witness. Why? Because of the assurance of accuracy for public records. 4 Weinstein's Evidence, ¶ 803(8)[01] (1977) states that "generally, the record itself can be admitted as proof of the facts which it relates without foundation testimony" and "the sole criteria is whether the record is that of a *public* body."

■ The Penitentiary of New Mexico is a public body. Section 42–1–2, N.M.S.A. 1953 (2d Repl.Vol. 6). The certifications establish that the photographs and fingerprint cards were records of the penitentiary. Defendant claims this is insufficient, that there must be something showing that records of photographs and fingerprint cards were activities of the penitentiary. Our answer is that such "activity" is necessarily implied from certifications stating that the photographs and fingerprint cards are part of the original records of a person committed to the penitentiary.

The foundation for admission of the photographs and fingerprint cards was supplied by the certifications.

*Right of Confrontation*

■ Defendant contends that his right to confront the witnesses against him was denied because basically he received a "paper trial", that "[a]s each paper was offered, he objected that he wanted to confront the witnesses and cross-examine them about what those papers said." The use of properly authenticated public records was not an unconstitutional deprivation of defendant's right of confrontation. *State v. Dawson,* supra; *Tomlin v. Beto,* 377 F.2d 276 (5th Cir. 1967).

The judgment and sentence are affirmed.

· IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.