649 P.2d 516

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe Serafin SANTILLANES, Defendant-Appellant.**

**No. 5563.**

Court of Appeals of New Mexico.

July 22, 1982.

Thomas J. Horne, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Appellant, Joe Serafin Santillanes, seeks to reverse his conviction as a habitual criminal. We affirm.

On appeal, he contends that the trial court erred in denying his motion to dismiss the supplemental information charging him as a habitual criminal because of prejudicial delay which violated his right to a speedy trial, and his constitutional rights to due process. We hold that it did not.

Appellant was charged with larceny of property, a fourth degree felony contrary to § 40A–16–1, N.M.S.A. 1953 (2d Repl.Vol. 6). On October 11, 1978, appellant entered a plea of *nolo contendere* to the larceny charge pursuant to a plea and disposition agreement. In return, the prosecution promised to refrain from filing an habitual

criminal proceeding against him based upon the larceny conviction and contingent upon conditions set forth in the agreement.

In the written plea agreement, he admitted having been convicted previously of several felonies: aggravated battery on June 11, 1973, in Bernalillo County, New Mexico; aggravated battery with a firearm on September 20, 1973, in Bernalillo County, New Mexico; and forging and passing a treasury check on April 10, 1945, in Prescott, Arizona. The plea agreement further provided:

> In the event the defendant violates any of the conditions of any suspension of sentence in these matters, or if he commits any other crime after the entry of the plea pursuant to this agreement, the State may and will file Habitual Offender Proceedings against the defendant as to the present conviction and any subsequent crimes and may and will use the defendant's admission of identity on the prior felonies in such Habitual Offender Proceedings.

Following the entry of appellant's plea, the trial court suspended his sentence and placed him on unsupervised probation for a term of two years, conditioned upon his obeying all federal, state and city laws or ordinances.

On July 27, 1981, appellant was charged with commission of a residential burglary alleged to have been committed in Bernalillo County on July 15, 1981. On July 27, 1981, a supplemental information, charging appellant as a habitual offender, was also filed in the larceny action. This information was amended September 21, 1981. Appellant was convicted on the residential burglary charge November 19, 1981.

Appellant moved to dismiss the habitual criminal charge on the grounds that his rights to a speedy trial and due process of law were violated by the delay of approximately 32 months which occurred between the 1978 larceny conviction and the filing of the supplemental information in 1981. The trial court denied the motion, and appellant was subsequently convicted on November 20, 1981 as a habitual offender following a trial to the court.

Appellant's argument on appeal is multifaceted. His first contends that the delay between the entry of his plea in the larceny action and the filing of the habitual criminal action against him was presumptively prejudicial and violated N.M.R.Crim.P. 37, N.M.S.A.1978 (Repl.1980). Appellant relies upon *State v. Tafoya*, 91 N.M. 121, 570 P.2d 1148 (Ct.App.1977), and *State v. Mascarenas*, 84 N.M. 153, 500 P.2d 438 (Ct.App. 1972).

These authorities are not apposite. *Tafoya* held that at least four factors are to be considered in determining whether a defendant has been denied a right to a speedy trial: length of the delay, reason for the delay, defendant's assertion of the right, and ensuing prejudice to the defendant. Each of these four factors must be evaluated and carefully balanced in light of all other relevant factors. But until the length of the delay is presumptively prejudicial, inquiry into the other balancing factors is unnecessary. In *Mascarenas*, a delay of 15 months between defendant's arrest and trial was found to be prejudicial where the state offered no explanation for the delay and defendant was incarcerated for all but four weeks of this period.

The facts here are readily distinguishable from the authorities relied upon by appellant. In *Tafoya*, the court noted: "The New Mexico rule is that the period prior to filing the indictment is not to be considered in determining whether there has been a violation of defendant's right to speedy trial." Rule 37(b), *supra*, provides in applicable part:

> The trial of * * * an habitual criminal proceeding shall be commenced six months after whichever of the following events occurs *latest*;
>
> (1) the date of filing in the district court of the complaint, *information* or indictment * * *. [Emphasis added.]

Appellant's right to a speedy trial was triggered by the July 27, 1981, filing of the supplemental information. Trial was held on November 20, 1981. Although Rule 37(b) *supra*, applies to habitual criminal proceedings, the delay of approximately four months was in compliance therewith. *State v. Padilla*, 92 N.M. 19, 582 P.2d 396 (Ct.App. 1978). This delay was not presumptively prejudicial. *See State v. Powers*, 97 N.M. 32, 636 P.2d 303 (Ct.App.1981).

Inherent in appellant's claim of denial of a speedy trial is the contention that the delay between the entry of his *nolo contendere* plea and the filing of the supplemental information amounted to a denial of due process under the 14th Amendment of the United States Constitution and Article II, Section 18, of the New Mexico Constitution.

Undeniably, delay in charging a person as a habitual criminal involves due process. *See State v. Duran*, 91 N.M. 756, 581 P.2d 19 (1978); *State v. Mayberry*, 97 N.M. 760, 643 P.2d 629 (Ct.App.1982). However, where trial is commenced within the time limitations imposed by Rule 37, *supra*, appellant is required to make a showing of actual prejudice caused by the delay. *See United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). Where trial is commenced within the time limitations provided in Rule 37, *supra*, delay in itself does not *a fortiori* establish prejudice. *State v. Mayberry, supra; State v. Duran, supra*. Appellant has not established existence of actual prejudice. *See State v. Padilla*, 91 N.M. 800, 581 P.2d 1295 (Ct.App. 1978). The delay cited by appellant was neither oppressive nor unreasonable. Appellant was not denied due process of law.

In initiating habitual criminal proceedings against appellant, the state acted in conformity with the plea agreement. Appellant is also bound thereby. The sentence imposed for larceny expressly accepted the terms of the plea bargain and provided for a two-year period of probation. The agreement was in all respects proper. Appellant has not questioned its validity.

Explicit in the terms of the suspended sentence was the contingent condition agreed to by appellant that if he violated the terms of the suspended sentence, habitual criminal charges could be brought against him. The state was precluded by the agreement from enhancing appellant's sentence unless he violated the terms imposed. Under the terms of the plea agreement, appellant expressly agreed to waive any and all time limits for filing habitual offender proceedings. Having agreed to the plea agreement, appellant may not now complain of application of its terms brought about by his own failure to comply. Plea agreements, absent constitutional or statutory invalidity, are binding upon both parties, and defendant may not accept parts of the agreement and reject others. *State v. Bazan*, 97 N.M. 531, 641 P.2d 1078 (Ct.App.), *cert. denied*, 98 N.M. 483, 641 P.2d 514 (1982).

The filing of the habitual criminal proceeding was timely. Since the plea agreement was approved by the court, its conditions are applicable to determine the timeliness of filing of the habitual criminal charges as well as the judgment and sentence. A habitual criminal proceeding is a sentencing procedure and not a "trial" of a case. *State v. Nelson*, 96 N.M. 654, 634 P.2d 676 (1981); *State v. Linam*, 93 N.M. 307, 600 P.2d 253 (1979).

As contemplated by the plea agreement, and under § 31–18–19, N.M.S.A.1978 (Repl.1981), the prosecution had not only the right, but the duty to commence habitual criminal charges against appellant in the larceny case if appellant violated the terms of the bargain. The provisions of the habitual criminal act are mandatory. *State v. Lujan*, 90 N.M. 103, 560 P.2d 167 (1977). The right to initiate proceedings to enhance appellant's sentence existed at any time prior to the expiration of the five year maximum period of punishment which could be prescribed for the larceny conviction. *See Lott v. Cox*, 76 N.M. 76, 412 P.2d 249 (1966); *State v. Padilla*, 92 N.M. at 22,

582 P.2d 396. Under § 31–18–19, the imposition of an enhanced sentence was proper even though appellant had completed the two-year period of probation imposed under his sentence for larceny, since the maximum period for which he could have been sentenced for the offense had not yet expired.

The trial court did not err in denying appellant's motion to dismiss the supplemental information. Appellant's judgment and sentence as a habitual offender are affirmed.

IT IS SO ORDERED.

WALTERS, C. J., and HENDLEY, J., concur.