876 P.2d 222 (1994)
117 N.M. 706
STATE of New Mexico, Plaintiff-Appellee,
v.
Judith NEELY, Defendant-Appellant.
No. 20361.
Supreme Court of New Mexico.
May 18, 1994.
Edward O. Bustamante, Albuquerque, for appellant.
*223 Tom Udall, Atty. Gen., Anthony Tupler, Elizabeth Blaisdell, Asst. Attys. Gen., Santa Fe, for appellee.
Sammy J. Quintana, Chief Public Defender, Sheila Lewis, Asst. Appellate Defender, Santa Fe, for amicus curiae.

OPINION
RANSOM, Justice.
Judith Neely was found guilty but mentally ill on one count of first-degree murder, three counts of attempted murder, and two counts of aggravated battery. The trial court entered judgment and sentenced Neely to life imprisonment for the first-degree murder plus twenty-seven years for the other charges. The court ordered the sentences to run consecutively. On her first appeal to this Court, Neely challenged the statutes authorizing the guilty but mentally ill verdict (NMSA 1978, §§ 31-9-3 and -4 (Repl. Pamp.1984)). This Court upheld the statutory scheme and affirmed her convictions. State v. Neely, 112 N.M. 702, 709, 819 P.2d 249, 256 (1991) (Neely I). After this Court's opinion was filed, the Clerk of the Supreme Court issued a mandate to the district court stating that the case was remanded to the district court for "such further proceedings therein as may be proper, if any, consistent and in conformity with said Opinion and said Judgment." Neely then filed a motion asking the district court to reconsider the sentence it had imposed. In her motion, she did not ask the court to change the length of her sentence, but asked the court to sentence her to an appropriate mental facility where she could receive treatment for her mental illness. The trial court denied the motion, stating that it had no discretion to consider a sentence less than that prescribed by statute when the verdict was guilty but mentally ill.
On this appeal, Neely challenges the trial court's denial of her motion to modify her sentence. The State attempts to frame her argument as a challenge to the legality of the life sentence. We, however, construe her argument to be that the court's denial of her motion was improper because the court had discretion to modify the original sentence. We believe that the trial court does not have discretion to modify a mandatory life sentence. Thus, we affirm.
The trial court had subject-matter jurisdiction to hear the motion. Before we turn to the main issue, we first must address the State's contention that the trial court did not have subject-matter jurisdiction to hear Neely's motion. The mandate in Neely I was issued October 10, 1991, and Neely filed her motion to reconsider her sentence on November 7. In her motion, she asserted jurisdiction in the trial court under NMSA 1978, Section 39-1-1 (Repl.Pamp.1991) (trial court has jurisdiction for thirty days after entry of judgment and for such further time as may be necessary to pass on motion directed to the judgment and filed within such period). The State argues that Section 39-1-1 has been construed as applying only to bench trials, and, because this case was decided by a jury, it is not applicable. In support of its proposition that Section 39-1-1 does not apply, the State cites Scofield v. J.W. Jones Construction Co., 64 N.M. 319, 324, 328 P.2d 389, 392 (1958), and State v. Padilla, 92 N.M. 19, 21, 582 P.2d 396, 398 (Ct.App.), cert. denied, 92 N.M. 180, 585 P.2d 324 (1978). But see State v. Peppers, 110 N.M. 393, 397, 796 P.2d 614, 618 (Ct.App.) (stating that a criminal defendant may challenge sentences under Section 39-1-1 so long as the procedure is in accordance with SCRA 1986, 5-614 and 5-801), cert. denied, 110 N.M. 260, 794 P.2d 734 (1990).[1]
The State correctly cites Scofield and Padilla with regard to Section 39-1-1. We, however, construe Neely's motion as being one under SCRA 1986, 5-801(B) (Repl. Pamp.1992), to reconsider and reduce her sentence regardless of her motion's assertion *224 of the basis for jurisdiction. Confinement in a facility where appropriate treatment would be available and where her condition could be monitored more closely by trained medical workers reasonably can be seen as a reduction in the severity of her sentence. Even if it is true, as the State argues, that in a mental facility Neely would lose liberty interests that she would retain in prison, Neely's view of her request as one to reduce the sentence is not unreasonable. That is how the trial court characterized the relief sought. At the time Neely filed her motion, Rule 5-801(B) provided that a motion to reduce a sentence may be filed within thirty days after the trial court receives a mandate issued by an appellate court.[2]See Hayes v. State, 106 N.M. 806, 808, 751 P.2d 186, 188 (1988) (holding Rule 5-801 jurisdictional insofar as filing of motions is concerned). Under Rule 5-801(B), the trial court had subject-matter jurisdiction to consider the motion.
This Court has jurisdiction over this appeal.The denial of the 5-801 motion is a final, appealable order. The State next argues that appeal from the trial court's decision is not properly before this Court and that Neely has failed to cite any authority providing for appellate jurisdiction. By the same token, however, the State cites no authority for its contention that there is no right to appeal an order denying modification of a sentence. There are no New Mexico cases on point. Rule 5-801 was originally drafted to mirror the version of Rule 35 of the Federal Rules of Criminal Procedure then in effect. See SCRA 5-801 committee commentary. Therefore, we turn to cases interpreting that version of the federal rule.[3] We find that those cases hold that denial of such a motion is a final, appealable order. See, e.g., United States v. Donner, 528 F.2d 276, 279 (7th Cir.1976) (reviewing appeal from denial of Rule 35 motion for reduction of sentence without discussion of jurisdiction), overruled on other grounds by Lawary v. United States, 599 F.2d 218, 222 (7th Cir.1979) (same); Ekberg v. United States, 167 F.2d 380, 383 (1st Cir.1948) (stating that order denying Rule 35 motion is final decision); United States v. Calvert, 443 F.Supp. 508, 510 (M.D.Tenn.1977) (stating that order denying Rule 35 motion is appealable). Having provided a thirty-day period for such a motion to be filed, we believe we should recognize a right to appeal a ruling that constitutes a final order denying the motion. Moreover, an appeal of a life sentence is taken directly to this Court under Article VI, Section 2 of the New Mexico Constitution.
The issue was properly preserved. The State argues that Neely did not preserve the question whether her sentence was illegal or was imposed in an illegal manner and, therefore, those issues should not be reviewed by this Court unless there was jurisdictional or fundamental error. See State v. Gutierrez, 91 N.M. 54, 55, 570 P.2d 592, 593 (1977) (stating that the Supreme Court will not consider objection first raised in defendant's brief in chief). Neely does not argue that the original sentence was illegal, but rather that the trial court's denial of her motion on the ground that it had no discretion to craft a sentence other than a mandatory life sentence in a New Mexico penitentiary was improper. The filing of a motion invoking the discretion of the lower court is itself sufficient to preserve any error in the court's refusal to exercise discretion. Exceptions are not required as long as "a ruling or decision by the district court was fairly invoked." SCRA 1986, 12-216(A) (Repl.Pamp. 1992).
The trial court's discretion in sentencing under a guilty but mentally ill verdict does not extend to ordering that the defendant be sentenced to a mental institution. Because Neely was found guilty but mentally ill, her sentence is subject to the provisions of Section 31-9-4:

*225 The court may impose any sentence upon a defendant which could be imposed pursuant to law upon a defendant who has been convicted of the same offense without a finding of mental illness; provided that if a defendant is sentenced to the custody of the corrections department, the department shall examine the nature, extent, continuance and treatment of the defendant's mental illness and shall provide psychiatric, psychological and other counseling and treatment for the defendant as it deems necessary.
Neely relies on language from Neely I to argue that Section 31-9-4 preempts the sentencing statute for first-degree murder. Early in the discussion regarding whether Neely was afforded a fair trial, the Neely I opinion states:
[Section 31-9-4] authorizes different treatment for a defendant found guilty but mentally ill.... Section 31-9-4 ... is permissive. It states that a "court may impose any sentence upon a defendant which could be imposed pursuant to law." Because the legislature left to the discretion of the trial court the determination of whether the legally-mandated sentence for a straightforward guilty verdict should be applied to the guilty but mentally ill convicted defendant, we believe that the guilty but mentally ill verdict is more than a verdict without a distinction.
Neely I, 112 N.M. at 706-07, 819 P.2d at 253-54 (alteration in original) (footnote omitted). That the trial court has discretion in sentencing was reiterated in our discussion concerning cruel and unusual punishment: "[T]he statute allows the court discretion to sentence a mentally ill defendant to a different sentence than that otherwise authorized, indicating the legislature's intent not to inflict cruel and inhuman punishment on the mentally ill." Id. at 709, 819 P.2d at 256. However, the specific question of the extent of discretion allowed a sentencing court was not before us in Neely I.
The extent of the trial court's discretion is guided by statute. In noncapital-felony cases, the trial court has the statutory authority to reduce the sentence for a conviction of a first-degree, second-degree, or third-degree felony based on mitigating circumstances. See NMSA 1978, § 31-18-15.1 (Repl.Pamp.1990) (granting the authority to reduce the basic sentence for noncapital felonies by up to one-third of the basic sentence). Further, the legislature has made it clear that the trial court has the authority and discretion to suspend or defer sentences unless the defendant has been convicted of a capital felony or a first-degree felony. See NMSA 1978, § 31-20-3 (Repl.Pamp.1990) (stating that any court having jurisdiction may suspend or defer sentence of defendant convicted of "any crime not constituting a capital or first degree felony"). This authority includes the discretion to order that an individual be confined in a mental institution if the sentencing court finds it necessary. See § 31-20-6(B). Likewise, our Rules of Criminal Procedure allow for reduction or reconsideration of a sentence in cases not involving a death penalty or mandatory sentence. See SCRA 5-801(C) (stating that modification of sentence rule does not apply to the death penalty or a mandatory sentence).
The only relief sought by Neely is to be sentenced to "an appropriate mental facility." The question before us today is whether the sentencing court has discretion, under Section 31-9-4, to sentence a defendant to a mental facility in cases in which that person has been found guilty but mentally ill of a capital felony. In answering this question, we must read Section 31-9-4 in harmony with Section 31-20-3, which denies a trial court the authority to modify sentences in first-degree felony cases. Section 31-9-4 does not supersede or preempt Section 31-20-3. Thus, we must find that the legislature intended only that Section 31-9-4 be applied in cases in which the sentencing court has the discretion to reduce, suspend, or defer a sentence. Because Neely was convicted of first-degree murder, the trial court did not have the discretion to sentence her to a mental facility. A person convicted of a capital felony is to be sentenced to imprisonment in a corrections facility designated by the corrections department. See §§ 31-18-14 & 31-20-2(A).
*226 It is clear from the language of Section 31-9-4 that the legislature contemplated that some defendants found guilty but mentally ill and sentenced to the custody of the corrections department would require treatment. The statute also states clearly that it is the responsibility of the corrections department to determine whether and to what extent an incarcerated guilty but mentally ill defendant is to receive treatment. See § 31-9-4 ("[T]he department shall examine the nature, extent, continuance and treatment of the defendant's mental illness and shall provide psychiatric, psychological and other counseling and treatment for the defendant as it deems necessary."). Therefore, in cases in which a defendant is convicted of a capital or first-degree felony, it is up to the discretion of the corrections department to determine the defendant's appropriate mental treatment.
Conclusion. Neely's motion to modify her sentence was within the subject-matter jurisdiction of the lower court pursuant to Rule 5-801. Further, this Court has jurisdiction over the appeal because the denial of the motion was a final, appealable order and Neely properly preserved the question for review. Finally, the legislature has clearly stated that a sentencing court does not have the discretion to modify, suspend, or defer the sentence of a defendant convicted of a first-degree felony. The trial court properly denied Neely's request that it sentence her to a mental facility; therefore, the order of the trial court is affirmed.
IT IS SO ORDERED.
BACA, FRANCHINI and FROST, JJ., concurs.
MONTGOMERY, C.J., specially concurs.
MONTGOMERY, Chief Justice (specially concurring).
I concur, with the greatest reluctance, in the majority's holding that a district court does not have discretion to modify a mandatory sentence of life imprisonment for commission of a capital felony, even when the defendant has been found guilty but mentally ill. (I concur unreservedly in the majority's holdings that the trial court had subject-matter jurisdiction, that the trial court's order was final and appealable, and that Neely preserved the issue of whether the trial court had discretion to sentence her to other than a mandatory sentence in the penitentiary.) Given this Court's holding in Neely I that the guilty but mentally ill verdict is constitutional (which is the law of this case), and given the provision in Section 31-20-3 of our statutes that a trial court may only defer or suspend a sentence for a crime not constituting a capital or first-degree felony, I see no escape from the majority's conclusion that the trial court did not have discretion "to sentence Neely to a mental facility."[1]
If today's majority opinion does nothing else, it severely undercuts the rationale of the majority's opinion in Neely I. That majority, which was not quite the same as today's majority, addressed the facial constitutionality of the verdict in light of three challenges: that it deprives the defendant of due process of law; that it deprives her of equal protection of the laws; and that it authorizes imposition of cruel and unusual punishment. 112 N.M. at 704-09, 819 P.2d at 251-256. The Court rejected all three challenges. In connection with defendant's due-process challenge, the Court said: "The verdict ... may assist in identification of convicted defendants in need of psychiatric treatment and facilitate just sentencing of mentally ill defendants." *227 Id. at 705, 819 P.2d at 252. If the trial court has no discretion in sentencing a mentally ill defendant, how can the guilty but mentally ill verdict facilitate just sentencing of such a defendant?
Similarly, still rebuffing the due-process challenge, the Neely I majority said (in the language quoted by today's majority): "Because the legislature left to the discretion of the trial court the determination of whether the legally-mandated sentence for a straightforward guilty verdict should be applied to the guilty but mentally ill convicted defendant, we believe that the guilty but mentally ill verdict is more than a verdict without a distinction." Id. at 706-07, 819 P.2d at 253-54 (emphasis added).[2] Additionally, with respect to Neely's cruel-and-unusual-punishment challenge, the majority in Neely I reiterated its point that the trial court had discretion, saying (in language also quoted by today's majority): "[T]he statute allows the court discretion to sentence a mentally ill defendant to a different sentence than that otherwise authorized, indicating the legislature's intent not to inflict cruel and inhuman punishment on the mentally ill." Id. at 709, 819 P.2d at 256 (emphasis added).
Today's majority opinion thus flatly contradicts significant portions of the rationale in Neely I for upholding the constitutionality of the guilty but mentally ill verdict. With those portions of Neely I overruled sub silentio by today's majority, it is perhaps not totally unrealistic to suggest that the constitutionality of the guilty but mentally ill verdict has been placed in legal limbo and to express the hope that this Court (or the legislature) will someday revisit the question and apply a more forthright, and less inconsistent, analysis to it. If such a day should ever come (which I realizegiven the current climate of near-hysteria over violent crime and lack of sympathy for persons suffering from mental disabilitiesis not terribly likely), then I offer my dissenting observations in Neely I, which I summarized as follows:
[T]he guilty but mentally ill verdict distorts the fact-finding process of the jury, resulting in a trial which is not fair and which therefore violates due process.... It misleads the jurors by encouraging them to think that there is some significant difference between a straight "guilty" verdict and a verdict of "guilty but mentally ill," when there is no such difference. In induces compromise verdicts by seducing jurors into settling on a middle ground between guilty and not guilty when in fact there is no middle ground: The defendant found guilty but mentally ill receives no greater entitlement to psychiatric evaluation and treatment than is already made available to other inmates. The jury, or at least some jurors, will inevitably believe that a guilty but mentally ill verdict will result in the defendant's receiving either leniency or treatment....
Id. at 713-14, 819 P.2d at 260-61.
Today's majority opinion certainly demonstrates that any such belief on the part of a jury or jurors (i.e., any belief that a guilty but mentally ill verdict will result in the defendant's receiving either leniency or treatment) is sorely misplaced.
NOTES
[1] What is now Section 39-1-1 was originally enacted, in part, to extend the jurisdiction of courts in civil bench trial cases. Norment v. First Nat'l Bank, 23 N.M. 198, 203, 167 P. 731, 732 (1917) (explaining that prior to amendment by 1917 N.M. Laws, ch. 15, court lost jurisdiction in bench trial when judgment was rendered). Under common law, a court generally retained jurisdiction until the end of the term in which the judgment was rendered. See 49 C.J.S. Judgments § 230 (1947). Whether Section 39-1-1 should apply in all cases is a question that we need not address in light of our holding.
[2] Rule 5-801 was amended subsequent to Neely's motion and now provides that a motion to reduce a sentence may be filed within 90 days after the trial court receives a mandate issued by an appellate court. See SCRA 5-801 (new rule effective August 1, 1992).
[3] The applicable version of Federal Rule of Criminal Procedure 35 was completely rewritten by Act of Oct. 12, 1984, Pub.L. No. 98-473, Title II, Ch. II., § 215(b), 1984 U.S.C.C.A.N. (98 Stat.) 2015-16, as amended by Act of Dec. 26, 1985, Pub.L. No. 99-217, § 4, 1985 U.S.C.C.A.N. (99 Stat.) 1728.
[1] The majority places undue emphasis, in my opinion, on the fact that the "only relief" sought by Neely in her motion was to be sentenced "to an appropriate mental facility." I do not think the specificity of Neely's motion prevented the trial court from doing what the motion also requestednamely, to consider her mental illness "in crafting a humane, secure, alternative to life in a New Mexico penitentiary." If, as this Court clearly stated in Neely I, a trial court has discretion in sentencing a defendant found guilty but mentally ill, I can see no reason why the trial court could not order the defendant "to undergo available medical or psychiatric treatment and to enter and remain in a specified institution, when required for that purpose" as contemplated by Section 31-20-6(B). (Section 31-20-6, however, is tied to Section 31-20-3, in that all of its provisions are applicable only when the trial court defers or suspends a sentence, which, as stated in the text, can only be done in the case of a sentence for a crime not constituting a capital or first-degree felony.)
[2] The Court added in a footnote: "We do not, however, believe the constitutionality of the statute turns on this." Id. at 707 n. 7, 819 P.2d at 254 n. 7.