877 P.2d 575

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Margaret TRUJILLO, Defendant–Appellee.**

**No. 21771.**

Supreme Court of New Mexico.

June 14, 1994.

Tom Udall, Atty. Gen. and Bill Primm, Asst. Atty. Gen., Santa Fe, for appellant.

Sammy J. Quintana, Chief Public Defender and Patrick L. Lopez, Asst. Public Defender, Santa Fe, for appellee.

## OPINION

BACA, Justice.

On May 13, 1993, Defendant–Appellee, Margaret Trujillo ("Trujillo"), filed a Petition for Writ of Habeas Corpus. In her petition, Trujillo claimed that a special condition of her probation that required her to complete a substance abuse treatment program at an in-house treatment facility after release from prison violated her constitutional rights. On September 27, 1993, the district court, without finding that Trujillo's probation was invalid or violated her constitutional rights, filed an order changing the conditions of Trujillo's probation. Plaintiff–Appellant, the State of New Mexico (the "State"), appeals this order. On appeal, the constitutionality or validity of Trujillo's sentence is not at issue. Instead, we address whether the district court had the authority to change the conditions of Trujillo's probation and, if so, whether the district court abused its discretion by modifying Trujillo's probation conditions. We review this case under SCRA 1986, 12–102(A)(5) (Repl.Pamp.1992) (requiring that "appeals from the granting of writs of habeas corpus" be taken to this Court), and reverse.

## I.

Trujillo was charged with possession of heroin under NMSA 1978, Section 30–31–23 (Cum.Supp.1993), on April 6, 1992. Trujillo entered into a plea agreement with the State on August 31, 1992. Under the agreement, the State agreed to a suspended sentence and probation for possession of heroin, provided that Trujillo enter into and successfully complete the Delancey Street in-house drug rehabilitation program immediately following her release from prison.

The district court entered its judgment and sentence on September 9, 1992. The court found Trujillo guilty of possession of heroin and also found that she was a habitual offender under NMSA 1978, Section 31–18–17 (Repl.Pamp.1990). The court sentenced Trujillo to eighteen months in prison on the underlying possession charge and enhanced the sentence by four years because she was a habitual offender. Pursuant to Trujillo's plea agreement with the State, the court suspended the eighteen month sentence for possession "on the Special Condition that [Trujillo] report to Delancey Street immediately upon her release [from prison] and successfully complete the substance abuse treatment program." The court entered an amended judgment and sentence on December 17, 1992. The amended sentence was the same as the original sentence in all respects except that it gave Trujillo credit for fifty days of presentence incarceration time.

On May 13, 1993, Trujillo filed a pro-se Petition for Writ of Habeas Corpus. Trujillo sought to have the Delancey Street condition removed from her sentence. The district court held a hearing on the matter on August 30, 1993. While the Habeas Corpus petition alleged that the Delancey Street provision violated Trujillo's constitutional rights, the court did not hold the sentence unconstitutional. Instead, the court simply determined that it was authorized to change the conditions of Trujillo's probation. On August 31, 1993, the State filed a motion to reconsider. A hearing on the State's motion was held on September 13, 1993. Following the motion hearing, the court again concluded that it could change the conditions of Trujillo's probation.

On September 27, 1993, the district court filed an order changing Trujillo's probation conditions. In this order, the court vacated the Delancey Street condition and instead required Trujillo to attend weekly Alcoholics Anonymous and Narcotics Anonymous meetings, be periodically evaluated by Zia Therapy, and follow any of Zia's recommendations about treatment. The State appealed this order to the Court of Appeals. On November 23, 1993, pursuant to NMSA 1978, Section 34–5–10 (Repl.Pamp.1990), the Court of Appeals filed an order transferring the State's appeal to this Court.

## II.

On appeal, we address whether the district court had the authority to change the conditions of Trujillo's probation and, if such authority existed, whether the court abused its discretion by modifying those conditions. As a preliminary matter, we note that although Trujillo filed a pro-se habeas corpus petition claiming that the Delancey Street provision violated her constitutional rights, the constitutionality of Trujillo's sentence is not at issue on appeal. Instead, the Petition merely functioned as a motion to modify the conditions of Trujillo's probation, and the State now challenges the district court's authority to change Trujillo's conditions of probation after the parties entered into a valid plea bargain agreement.

The State contends that two statutes, NMSA 1978, Section 31–21–15(B) (Repl. Pamp.1990), and NMSA 1978, Section 31–21–21 (Repl.Pamp.1990), and two rules of criminal procedure, SCRA 1986, 5–801(B) (Repl. Pamp.1992), and SCRA 1986, 5–802 (Repl. Pamp.1992), give the district court power to modify conditions of probation under appropriate circumstances. The State argues that this case presents no circumstances that would permit the district court to modify Trujillo's probation conditions under either of the statutes or rules. We address each basis raised by the State to determine whether the district court had the authority to modify the conditions of Trujillo's probation under the facts of this case.

## A.

We first address whether Section 31–21–15(B) authorized the district court to change Trujillo's probation conditions. Section 31–21–15(B) states that *"[i]f [a probation] violation is established*, the court may continue the original probation, revoke the probation and either order a new probation ... or require the probationer to serve the balance of the sentence imposed or any lesser sentence."* (Emphasis added.) Both parties concede that Trujillo did not violate a condition of her probation. Thus, under the facts of this case, Section 31–21–15(B) does not authorize the district court to change Trujillo's conditions of probation.

## B.

■ We next address whether the district court was authorized to change Trujillo's conditions of probation under SCRA 5–802. This rule governs the procedure for habeas corpus relief and requires the district court to grant relief to a criminal defendant if custody of the defendant violates the United States or New Mexico constitutions or federal or state law, if the district court lacked jurisdiction to impose the sentence, if the sentence was "illegal or in excess of the maximum authorized by law," or if the sentence is subject to collateral attack. *See* SCRA 5–802. In deciding to modify Trujillo's conditions of probation, the district court made no determination that any grounds for habeas corpus relief were presented by the facts of this case. On appeal, Trujillo makes no argument that she is entitled to habeas corpus relief. We conclude that the facts of this case do not indicate that habeas corpus relief was appropriate and hold that the district court was not authorized under SCRA 5–802 to modify the conditions of Trujillo's probation.

## C.

■ We next address whether the district court had the authority to modify Trujillo's probation conditions under SCRA 5–801(B). This rule provides for the modification of sentences and requires that a motion to reduce a sentence be filed within ninety days after the sentence is rendered.[1] *See Hayes v. State,* 106 N.M. 806, 808, 751 P.2d 186, 188 (1988) (holding that the filing requirements of SCRA 5–801 are jurisdictional so that motions must be filed within the time required). In this case, there is no argument that Trujillo timely filed a motion to modify her sentence under SCRA 5–801(B). In fact, the record provides no indication that Trujillo ever filed a motion to reconsider the Delancey Street condition. Although Trujillo argues that her habeas corpus petition could properly be considered a motion to modify her sentence, the petition was not filed until May 13, 1993, well after ninety days from the date the district court filed its amended judgment and sentence on December 17, 1992. Because the Petition was not filed within ninety days of the rendition of the sentence, as required by SCRA 5–801(B), we hold that the district court had no authority to modify Trujillo's conditions of probation under this rule.

Trujillo argues that the district court properly could have extended the time limit for filing a motion to modify a sentence under SCRA 1986, 5–104(B)(2) (Repl.Pamp.1992). SCRA 5–104(B)(2) gives the district court discretion, in appropriate circumstances, to extend filing requirements by stating that when "an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion ... upon motion made after the expiration of the. specified period permit the act to be done."

We do not need to determine whether SCRA 5–104(B)(2) can be used to extend the time for filing a motion to reduce a sentence under SCRA 5–801(B). Nothing in the record indicates that the district court extended the time for filing a motion to modify Trujil-

---

1. Both parties refer to an earlier version of SCRA 5–801(B) that required motions to reduce a sentence be filed within thirty days after imposition of the sentence. On August 1, 1992, this version of SCRA 5–801(B) was replaced by a new version requiring that motions to reduce a sentence be filed within ninety days after the sentence is imposed. Because Trujillo filed her Petition for Writ of Habeas Corpus—which she asserts is the functional equivalent of a motion to reduce her sentence—on May 13, 1993, the new version of SCRA 5–801(B) applies.

lo's sentence under SCRA 5–104(B)(2). Trujillo presents this scenario purely as a hypothetical situation, contending that the district court *could have* extended the time limits under the Rule. Because this Court does not give advisory opinions on purely hypothetical issues, *see State v. Wyrostek*, 117 N.M. 514, 516, 873 P.2d 260, 262 (1994), we refuse to adopt Trujillo's argument that the trial court properly extended the filing requirements of SCRA 5–801(B) under SCRA 5–104(B)(2).

### D.

■ Finally, we address whether the district court had the authority to modify conditions of Trujillo's probation under Section 31–21–21. Section 31–21–21 states in part that "[n]othing in the Probation and Parole Act [NMSA 1978, §§ 31–21–3 to –19 (Repl. Pamp.1990 & Cum.Supp.1993) ] limits the authority of the court to impose or modify any general or specific condition of probation." We agree with Trujillo that Section 31–21–21 reasonably can be read to grant the district court the discretion to modify conditions of probation in appropriate cases. We conclude, however, that in this case the district court abused its discretion by changing the conditions of Trujillo's probation.

The condition that Trujillo complete the Delancey Street treatment program was part of a valid plea bargain agreement. It is well settled that a plea agreement, "absent constitutional or statutory invalidity, [is] binding upon both parties, and [the] defendant may not accept parts of the agreement and reject others." *State v. Santillanes*, 98 N.M. 448, 451, 649 P.2d 516, 519 (Ct.App.1982). This rule of law recognizes that both parties to a plea bargain make various concessions and gain certain advantages during plea negotiations. *See Baird v. State*, 90 N.M. 667, 670, 568 P.2d 193, 196 (1977). Consequently, a criminal defendant, having availed himself of the advantages of a plea agreement, cannot "welch on his part of the bargain." *State v. Gallegos*, 91 N.M. 107, 110, 570 P.2d 938, 941 (Ct.App.1977); *see also State v. Gibson*, 96 N.M. 742, 743, 634 P.2d 1294, 1295 (Ct.App. 1981) (holding that a defendant "may not be relieved of a part of his plea bargain without giving up benefits he received in the bargain").

An essential corollary to the rule is that the district court cannot amend or modify a sentence imposed pursuant to a valid plea agreement in such a way that would allow one party to renege on its part of the agreement. *See State v. Sisneros*, 98 N.M. 279, 282, 648 P.2d 318, 321 (Ct.App.1981), *rev'd in part on other grounds*, 98 N.M. 201, 647 P.2d 403 (1982). In the case at bar, Trujillo gained the advantage of having eighteen months of her sentence suspended in exchange for agreeing to successfully complete the Delancey Street rehabilitation program. By removing the Delancey Street condition, the district court gave Trujillo the benefit of the plea bargain while relieving her of the obligation given in exchange for the benefit. Absent a novation agreed to by both Trujillo and the State, this constituted an abuse of discretion. Thus, we reverse the district court, and remand for reinstatement of the sentence originally agreed to by the parties.

IT IS SO ORDERED.

MONTGOMERY, C.J., and RANSOM, J., concur.