This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

**v.** **No. 31,681**

**PHILLIP ED HARRISON,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
Gary L. Clingman, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant claims that the district court erred in denying his motion to withdraw his plea based upon his counsel's ineffective assistance. [MIO 1, 5-13; DS unnumbered page 4] We proposed to affirm in a notice of proposed summary disposition, and pursuant to an extension, Defendant filed a timely memorandum in opposition. After reviewing Defendant's memorandum in opposition, we remain unpersuaded by his arguments and thus affirm the district court's order denying Defendant's motion to withdraw his plea and affirm Defendant's convictions.

Defendant pled no contest to charges of attempt to commit second degree murder, aggravated assault (deadly weapon), and attempt to commit aggravated battery (deadly weapon). [RP 103-107 (all references to the record proper are from CR 2010-377)] He was sentenced to a total of twelve and a half years followed by two years of parole. [RP 132-135] On the aggravated assault conviction, Defendant was sentenced to a term of eighteen months followed by a year of parole. [RP 133] The offense was enhanced by four years due to Defendant's status as an habitual offender. [RP 133] The district court also found that, due to the nature of the offense and the resulting harm, the aggravated assault was a serious violent offense, and thus under the Earned Meritorious Deductions Act ("EMDA"), NMSA 1978, Section 33-2-34 (2006), Defendant's meritorious deductions, or "good time credit" could not exceed a maximum of four days per month of time served. [RP 133] *See* § 33-2-34

(L)(4)(o) (listing fourth degree aggravated assault as an offense that may qualify as a serious violent offense under the EMDA).

Defendant sought to set aside his no contest plea to the aggravated assault charge because he claimed that he had repeatedly informed counsel that he did not want to plead to a count that could be potentially classified as a serious violent offense. [RP 121, 138, 142; MIO 3; DS 3] He claims that counsel was ineffective because counsel never informed Defendant that his conviction for aggravated assault had the potential to qualify as a serious violent offense, and thus he is entitled to set aside his no contest plea to the aggravated assault charge. [RP 121, 138, 142; MIO 3, 5-13; DS 3]

"The test for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384. "To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that Defendant suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Lytle v. Jordan*, 2001-NMSC-016, ¶¶ 26-27, 130 N.M. 198, 22 P.3d 666 (internal quotation marks

omitted)).  We review the district court's denial of Defendant's motion to withdraw his plea for abuse of discretion.  *See State v. Paredez*, 2004-NMSC-036, ¶ 5, 136 N.M. 533, 101 P.3d 799.

In our notice of proposed summary disposition, we proposed to affirm.  We assumed it was undisputed that Defendant's counsel never told him his conviction for aggravated assault could qualify as a serious violent offense.  [RP 138; MIO 6]  We also assumed Defendant told his counsel he did not want to plead to any charge that might be categorized as a serious violent offense.  [MIO 3-4]  Based upon these assumptions, we recognized that Defendant appeared to satisfy the first prong of an ineffective assistance claim because counsel incorrectly apprised Defendant of the law, and we could see no tactical reason for doing so.  *Cf. id.* ¶ 22 (observing that the Court could perceive of no tactical reason for defense counsel's failure to inform the defendant that his plea would almost certainly result in deportation).

Nonetheless, we proposed to affirm the district court's denial of Defendant's motion to withdraw his plea to aggravated assault because we were not convinced that Defendant had established that he was prejudiced by counsel's deficiencies.  *See Aker*, 2005-NMCA-063, ¶ 34.  We proposed to hold that Defendant had failed to establish that he was prejudiced by his counsel's deficiencies because he failed to show that, but for counsel's failure to inform him as to the potential sentencing consequences of

4

his plea to aggravated assault, Defendant would have gone to trial. *See generally Patterson v. LeMaster*, 2001-NMSC-013, ¶ 18, 130 N.M. 179, 21 P.3d 1032 (discussing a claim of ineffective assistance of counsel in the plea bargain context and noting that "a defendant must establish that his counsel's performance was objectively unreasonable and that but for counsel's errors, he would not have pleaded guilty and instead gone to trial" (internal quotation marks and citation omitted)).

In his memorandum in opposition, Defendant reiterates his contentions that counsel misinformed him regarding whether his good-time credits might be curtailed pursuant to Section 33-2-34 (L)(4)(o), and he claims that he would not have pled no contest to the charge of aggravated assault had he known of the potential sentencing consequences. [MIO 2-10] However, he fails to make a showing that, but for counsel's deficiencies, he would not have entered the plea and instead gone to trial on all of the charges. [MIO 8-13] Thus, we affirm the district court's decision to deny Defendant's motion because Defendant has failed to show that he was prejudiced by counsel's failure to inform him that the district court had the discretion to classify aggravated assault as a serious violent offense for purposes of the EMDA.

In our notice we also noted that Defendant pled to attempted second degree murder and attempt to commit aggravated battery in addition to aggravated assault, [RP 103-107] yet Defendant did not seek to set aside the remainder of his plea. Thus,

we proposed to affirm the district court's denial of Defendant's motion to set aside his plea to aggravated assault because it is well-established that a "defendant may not accept parts of the agreement and reject others." *State v. Santillanes*, 98 N.M. 448, 451, 649 P.2d 516, 519 (Ct. App. 1982).

In his memorandum in opposition, Defendant does not dispute our observation that he did not seek to set aside his entire plea but instead only his plea to the aggravated assault charge. [MIO 7-13] To the contrary, Defendant clearly states that, after rejecting the district court's offer of a sentencing hearing, he reasserted his contention that he should be allowed to withdraw his plea as to the aggravated assault count. [MIO 5] Thus we affirm the district court's order because Defendant is not entitled to set aside only a portion of a plea agreement. *See id.*; *and see State v. Trujillo*, 117 N.M. 769, 772, 877 P.2d 575, 578 (1994) (recognizing that "both parties to a plea bargain make various concessions and gain certain advantages during plea negotiations" and therefore, a defendant may not accept part of a plea agreement while rejecting other portions); *State v. Gibson,* 96 N.M. 742, 743, 634 P.2d 1294, 1295 (Ct. App. 1981) (holding that "a plea bargain stands or falls as a unit").

**CONCLUSION**

For the reasons set forth above as well as those discussed in our notice of proposed summary disposition, we affirm the district court's order denying

6

Defendant's motion to withdraw his plea and we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**