This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                          **No. 35,948**

**KARINA AGUILAR,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Elizabeth Ashton, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1} Defendant Karina Aguilar appeals from the district court's denial of her motion to modify the conditions of her probation to transfer her from supervised to unsupervised probation. [DS 2-3; RP 37, 44, 46] This Court issued a notice proposing summary reversal. [CN 1,4] The State filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we reverse.

{2} Defendant argues on appeal the district court erroneously denied her motion to modify the conditions of her probation, pursuant to NMSA 1978, Section 31-21-21 (1963), from supervised to unsupervised upon the district court's mistaken belief it lacked the jurisdiction to do so because the time for reduction of a sentence under Rule 5-801 NMRA had expired. [DS 4] As we noted in our proposed disposition, our Supreme Court has previously interpreted Section 31-21-21 "to grant the district court the discretion to modify conditions of probation in appropriate cases." *State v. Trujillo*, 1994-NMSC-066, ¶ 13, 117 N.M. 769, 877 P.2d 575. [CN 3] However, the district court in *Trujillo* was determined to have abused its discretion in modifying the defendant's probation because the modification violated the terms of a valid plea agreement. *Id*. ¶¶ 14-15. [CN 3] As we pointed out in our notice, unlike the plea in *Trujillo*, the plea agreement in the present case did not include any specific terms of Defendant's sentence, beyond a two-year cap on incarceration at initial sentencing. [CN 3] Thus, we proposed to hold modification of the supervision terms of

Defendant's probation would not result in an impermissible modification of the plea agreement in the manner the elimination of in-patient substance abuse treatment violated the terms of the plea agreement in *Trujillo*. *Id*. ¶¶ 14–15.

**{3}** In its memorandum in opposition, as in its response to Defendant's motion below [RP 39], the State continues to argue the district court lacked jurisdiction to modify the terms of Defendant's probation and supervision level because her motion was untimely under Rule 5-801. [MIO 4] However, as we pointed out in our notice, Rule 5-801 pertains to reduction of a sentence. *See* Rule 5-801 ("A motion to *reduce a sentence* may be filed within ninety (90) days after the sentence is imposed[.]. . . A motion to *reduce a sentence* may also be filed upon revocation of probation as provided by law." (emphasis added)). The State argues a modification of the terms of Defendant's probation from supervised to unsupervised "is a functional equivalent of a motion to reduce sentence." [MIO 4] The State cites no authority in support of this proposition, and, therefore, we find the State's argument unavailing. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists[.]").

**{4}** The State goes on to argue, while Section 31-21-21 "reasonably can be read to grant the district court the discretion to modify conditions of probation in appropriate

cases[,]" *Trujillo* did not set forth any guidelines for the application of Section 31-21-21. *Trujillo*, 1994-NMSC-066, ¶ 13. [MIO 5] The appellate court reviews a sentence imposed for abuse of discretion. The trial court does not abuse its discretion by imposing a sentence authorized by law. *See State v. Cumpton*, 2000-NMCA-033, ¶¶ 9-10, 129 N.M. 47, 1 P.3d 429. Given the discretion granted to district courts in sentencing and modification of conditions of probation, the plea agreement's silence regarding the conditions or supervision level of Defendant's probation, and the State's failure to articulate why the district court's application of Section 31-21-21 should be subject to particular guidelines or factors, we decline to determine whether the present case is an appropriate case for the district court's exercise of discretion and leave the application of Section 31-21-21 to the district court in the first instance.

{5}    Therefore, based on the reasons explained above and in this Court's notice of proposed disposition, we reverse.

{6}    **IT IS SO ORDERED.**


_____
                                        **M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

4

_____

**JONATHAN B. SUTIN, Judge**