649 P.2d 761

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Mark Anthony SYKES, a/k/a Stephen Scarpa, Defendant-Appellant.**

**No. 5590.**

Court of Appeals of New Mexico.

July 29, 1982.

Candace Kern, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Chief Judge.

Mark Anthony Sykes, a/k/a Stephen Scarpa, entered into a plea and disposition agreement in Chaves County District Court. Pursuant to the agreement, defendant pled guilty to one count of residential burglary and to one count of larceny over $2,500.00. He agreed also to waive extradition proceedings on charges pending against him in Nevada. In accordance with the plea bargain, the district court on August 24, 1981, imposed two concurrent three-year prison terms, with two years' parole to follow completion of that sentence. As defendant was yet to face charges in Nevada, the plea agreement provided and the district court ordered that defendant's sentence run concurrently with "time to be served as a result of conviction in Nevada." Defendant was given 151 days' credit for time already served in New Mexico, and the Sheriff was ordered to take custody of the defendant and deliver him to the Nevada authorities.

In Nevada, defendant entered a plea of guilty to one count of attempted burglary pursuant to a plea bargain. The Nevada court sentenced defendant to one year in the Nevada penitentiary, but suspended the sentence and placed defendant on three years' probation in Nevada. Thereafter, Judge Schnedar *sua sponte* ordered, on October 14, 1981, that defendant's New Mexico sentence be reviewed, "there being grounds that [defendant] should be returned" to New Mexico for that purpose. Following two hearings on the review of sentence, on January 28, 1982, defendant was ordered to the New Mexico penitentiary, but the order provided further that he be released upon his own recognizance, upon filing notice of appeal, to return to Nevada "to commence his probation there under supervision of Nevada authorities."

The situation here is analogous to that in *State v. Aragon*, 93 N.M. 132, 597 P.2d 317 (Ct.App.1979) where payment of a fine and

deferred sentence were imposed simultaneously. The Court of Appeals held in *Aragon* that because a fine is a sentence, the judgment of the district court was contradictory. We ruled that when the fine was paid, the sentence was executed; consequently, the deferral part of the sentence was void. The sentence in this case was executed when defendant was sent to Nevada to begin serving his probation there.

■ The Plea and Disposition Agreement and the document entitled Judgment, Sentence and Commitment, of August 1981, admit of no meaning other than that, in exchange for defendant's guilty pleas and his agreement to waive extradition to Nevada, the time to be served on New Mexico's concurrent sentences would be served *in Nevada* concurrently with any sentence imposed by the Nevada court. The judgment of commitment ordered the sheriff to release defendant to Nevada authorities; the waiver of extradition contemplated nothing less than delivery of defendant to Nevada authorities. A New Mexico court certainly could not order a Nevada court to return defendant to New Mexico to serve concurrent Nevada and New Mexico sentences here. New Mexico, by the very terms of the trial court's judgment, was to be relieved of maintaining defendant in its correctional system.

■ The court's own motion of October 14th to return defendant from Nevada for "review" of his sentence was not filed under N.M.R.Crim.P. 57.1(a), N.M.S.A. (1980 Repl.), to "correct an illegal sentence" or "a sentence imposed in an illegal manner." It was not to "reduce a sentence . . . [already] imposed," authorized by Rule 57.1(b), N.M.S.A. (1980 Repl.). Rulings under Rule 57, except for correction of an illegal sentence, must be made within 30 days of the original sentence. It was not a motion to correct a clerical mistake in the original sentence, as allowed under N.M.R.Crim.P. 4.1, N.M.S.A. (1980 Repl.). It was solely "for review of defendant's sentence entered herein on the 24th day of August, 1981."

■ A plea bargain stands or falls as a unit. *State v. Gibson*, 96 N.M. 742, 634 P.2d 1294 (Ct.App.1981). Neither party to the plea bargain may be relieved of the obligations of the agreement without giving up the benefits received in the bargain. Here, defendant was returned to Nevada after the January order to begin serving his probation pursuant to the New Mexico plea bargain and the order of the court. The State is obliged to uphold its side of the bargain and allow *concurrent* service of the New Mexico sentence *in Nevada.*

The court's order on its own October motion may be read to cause no injury to defendant. The terms of the original sentence were not attacked on appeal. The subsequent January 1982 order directed to the original sentence thus did nothing to affect the manner in which the original sentence was ordered to be served. The original sentence was altered only to the extent that defendant was ordered to the New Mexico State Penitentiary. But the order also provided that, upon filing a notice of appeal, defendant was to be immediately released and permitted to return to Nevada to commence his 3-year probation there. The notice of appeal was filed four days after the court's "review" order was signed. The record would indicate that defendant currently is in Nevada under Nevada probationary supervision.

■ The Nevada 3-year probation being the sentence imposed there; and the original August, 1981, New Mexico sentence which directed concurrent service of the New Mexico sentence with service of the Nevada sentence being unchanged, it is beyond question that defendant will have only his two years of New Mexico parole to serve when his Nevada probation period expires. Under the January order, defendant is released from actual incarceration at the New Mexico penitentiary during his period of probation in Nevada; but under the unchanged portion of the August order, he will nevertheless be concurrently serving his total of 3 years on the New Mexico convictions at the same time he is serving his 3-year probationary time on the Nevada conviction.

Were we not to read the first and second judgment and orders of the trial court together and were we to conclude, instead, that the second order altered the manner in which defendant's time would be served, we would, first, be approving an untimely sentence modification procedure which does not appear to have a basis in the rules; and second, we also would be disregarding the benefits received by the State—relief from the burden of proving guilt beyond a reasonable doubt and the expense of a jury trial—and overlooking the detriments suffered by defendant—including his voluntary submission to criminal charges in Nevada.

The State may not have all of the benefits of its plea bargain unless defendant's benefits are equally as well guarded, protected, and enforced. *Gibson, supra.* When defendant is in a position that he cannot be returned to the status he was in before he made the agreement—and there is no way defendant can now withdraw his waiver of extradition or overcome the consequences of it—the State will be required to honor the terms it agreed to. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

The sentence allowing defendant to serve his New Mexico sentence concurrently with, and while he is fulfilling, his three years' probation in Nevada, is affirmed. We hold, further, that upon defendant's satisfactory completion of his Nevada probation, he shall be subject only to the remaining two years of New Mexico parole provided for in the August 1981 sentence.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.