751 P.2d 186

**Donald HAYES, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 17396.**

Supreme Court of New Mexico.

March 15, 1988.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for petitioner.

Hal Stratton, Atty. Gen., Sharon Van Arnam, Santa Fe, for respondent.

## OPINION

SOSA, Senior Justice.

This is a petition for writ of certiorari to the court of appeals. The court of appeals, in affirming the trial court, found that the trial court correctly determined that its jurisdiction to reduce petitioner's sentence had expired when it denied petitioner's motion 173 days after filing of the court of appeal's mandate affirming petitioner's conviction. After reviewing the court of appeals' file and argument of counsel, we reverse the court of appeals.

Petitioner's conviction for second degree murder was affirmed by the court of appeals on December 12, 1986. On January 7, 1987, within the 30–day period required by SCRA, Rule 5–801, petitioner filed his motion for modification of sentence. After certain communications between the trial court and petitioner's trial attorney—communications which are not in the record, but which appear for the first time in the petition for writ of certiorari—the motion was not heard until May 12, 1987, at which time the trial court advised petitioner that under Rule 5–801, because the 30–day period for hearing the motion had passed, the trial court had no jurisdiction to hear the motion and thus the motion was dismissed.

Petitioner makes two arguments: (1) Even though the May 12 hearing date was more than 30 days after the court of appeals had affirmed his conviction, there is a consistent policy in the federal circuits known as the "reasonable time rule" in which trial courts in their discretion may decide to hear motions to modify sentences even after the period specified by statute has run. (For a partial list of federal circuits following the reasonable time rule, see *Gaertner v. United States*, 763 F.2d 787, 790–91 (7th Cir.), *cert. denied*, 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 466 (1985)). (2) Petitioner next argues that even if the trial court properly dismissed the motion to reduce sentence, its doing so in this case deprived him of his right to due process of law because the trial court gave petitioner reasonable assurances that it would hear his motion, and then when hearing day came, the trial court suddenly changed tack and decided it lacked jurisdiction.

Rule 5–801 reads in pertinent part as follows: "The district court may reduce a sentence within thirty (30) days after * * * entry of any order or judgment of the appellate court having the effect of upholding a judgment of conviction."

As to petitioner's first challenge, this court must decide whether Rule 5–801 is jurisdictional (depriving trial courts of power to rule on any motion coming before them for hearing later than 30 days following appellate review), or whether it is discretionary (following the reasonable time rule of the federal circuits, which would allow motions filed within 30 days to be heard *after* 30 days if the trial court so chooses). In *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979), the Supreme Court spoke of the 120–day limit under the federal rule as "jurisdictional," but that case was decided on the basis of another statute, 28 U.S.C. Section 2255 (1976) (attack on illegal sentence), and thus the Court's words are dictum there. Several federal courts follow the reasonable time rule, even after *Addonizio*, acting in a discretionary manner to rule on motions to modify a sentence when the motion is heard 120 days after a conviction is affirmed. 763 F.2d at 790–91.

As to petitioner's due process challenge, a similar challenge was addressed in *Sotto v. Wainwright*, 601 F.2d 184, (5th Cir. 1979), *cert. denied*, 445 U.S. 950, 100 S.Ct. 1597, 63 L.Ed.2d 784 (1980). The fifth circuit rejected the due process challenge, holding that Florida's statute (1) advanced finality in the judicial process, (2) served the legitimate purpose of lessening the trial court's workload by requiring defendants to *file* motions to modify within a certain specified time limit, and (3) assured that the trial court would not usurp the parole board's function by delaying rulings on motions until the court could determine how defendants had behaved in prison. *Id.* at 192.

Our court of appeals in its summary affirmance relied heavily on the third ratio-

nale above when it said: "One of the reasons for rejecting the 'reasonable time' rule * * * is that limitation on the district court's power to reduce a sentence keeps the district courts from misusing that power as a substitute for consideration of parole by parole authorities."

 We are left then with a determination of the two following issues: Is Rule 5–801 jurisdictional or discretionary? Were petitioner's due process rights violated by the trial court's denial of petitioner's motion? We hold that insofar as the *filing* of motions under Rule 5–801 is concerned, the statute is jurisdictional, so that motions must be filed within thirty days of the entry of the appellate judgment. As to the *disposition* of the motion, however, the court possesses discretion to hear and decide motions *after* thirty days.

Further, in a case such as the one before us, the trial court must exercise its discretion if it hopes to avoid depriving petitioner of his right to due process of law. Here petitioner was assured that this motion would be heard on May 12, but when he appeared in court, the judge changed his mind and denied petitioner a hearing. A clearer case of the deprivation of petitioner's rights to substantive and procedural due process can hardly be imagined. Nothing in *Sotto* contradicts our holding. Finality is still assured; the trial court's workload is not increased by requiring defendant to *file* motions to modify within a certain specified time limit, and the trial court's supposed usurpation of the parole board's function is an illusory argument not borne out in New Mexico practice.

Our opinion raises two final questions which must be addressed. First, because the case of *State v. Sykes*, 98 N.M. 458, 649 P.2d 761 (Ct.App.1982), held that *rulings* to reduce a sentence under the previous NMR Criminal Procedure 57 must be made within thirty days of the original sentence, it is necessary for us to overrule that portion of *Sykes* which deviates from our ruling herein. Second, our opinion raises the obvious question as to how long a trial court may wait after the defendant has filed his motion before making a ruling on the motion.

In our opinion the federal rule suggests a reasonable time frame in which the court must enter a final ruling, namely, 90 days from a timely filed motion. If the hearing is not held within ninety days, the motion is denied as a matter of law.

For the foregoing reasons the trial court and court of appeals are reversed and the matter remanded to the trial court for further proceedings on defendant's motion.

SCARBOROUGH, C.J., and STOWERS, WALTERS and RANSOM, JJ., concur.