882 P.2d 1051

**In the Matter of PAUL T., a Child.**

No. 15424.

Court of Appeals of New Mexico.

Sept. 6, 1994.

Sammy J. Quintana, Chief Public Defender, Patrick L. Lopez, Asst. Appellate Defender, Santa Fe, for respondent-appellant.

Tom Udall, Atty. Gen., Shari Weinstein, Sp. Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

*OPINION*

DONNELLY, Judge.

The Child appeals from a judgment revoking his probation and committing him to the custody of the Children, Youth and Families Department for a period of one year. The determinative issue posited on appeal is whether the judgment entered by the children's court is void because the dispositional hearing following the conclusion of the adjudicatory hearing was not held within the twenty-day time period mandated by SCRA 1986, 10–229(B). For the reasons discussed herein, we conclude that the judgment is void, and reverse and remand.

*FACTS*

On April 15, 1993, the Child pled no contest to the charge of battery and an order was entered by the children's court judge finding that the Child was a delinquent child and directing that he be sent to the New Mexico Youth Diagnostic and Development Center for diagnostic evaluation. Thereafter, on June 3, 1993, the children's court judge entered an order directing that the Child be placed on probation for a period of two years. On July 27, 1993, a bench warrant was issued for the Child's apprehension based on an affidavit that he had violated the terms of his probation. He was taken into custody and released to the custody of his mother on July 30, 1993. A petition was filed seeking the revocation of his probation. The case was set for pretrial hearing on Novem-

ber 24, 1993; however, the Child failed to appear at the hearing and left his mother's residence without approval from his probation officer. A new petition to revoke the Child's probation was filed on December 28, 1993.

On December 15, 1993, the Child was taken into custody and placed in detention. Thereafter, on December 23, 1993, an adjudicatory hearing was conducted by a special master appointed by the children's court. Following the December 23, 1993, hearing, the special master filed a report containing her findings and conclusions. The report found, among other things, that the Child was a delinquent child and that he had violated one of the terms of his probation. On January 4, 1994, twelve days after the hearing held by the special master, the children's court judge entered a judgment adopting the report of the special master and determined that the Child was a delinquent child in need of care or rehabilitation. The children's court also ordered that a predisposition report be prepared.

A disposition hearing was held on January 20, 1994. At the hearing, the Child objected to the delay in conducting the hearing and moved that the proceedings against him be dismissed. The children's court denied the motion. Thereafter, a dispositional judgment was entered directing that the Child be transferred to the custody of the Children, Youth and Families Department for a period of one year.

## TIMELINESS OF DISPOSITIONAL HEARING

■ The Child argues that because his adjudicatory hearing was concluded on December 23, 1993, and the dispositional hearing was not held within twenty days from the conclusion of that hearing, it was error for the children's court judge to deny the motion to dismiss the proceedings. We find this argument meritorious.

SCRA 10–229(B) provides in applicable part as follows:

**Time limits.** When the [child] is in detention, *the dispositional hearing shall begin within twenty (20) days from the date the adjudicatory hearing was concluded or an* *admission of the factual allegations of the petition was accepted by the court, except as provided herein.* The court may order that the [child] be transferred to an appropriate facility of the department of corrections for a period of not more than sixty (60) days with respect to a child adjudicated as a child in need of supervision and for a period of not more than ninety (90) days with respect to a child adjudicated as a delinquent for purposes of diagnosis and education. If the [child] is so transferred, the dispositional hearing shall begin within twenty (20) days from the date the court receives the diagnostic report of the department. *If the hearing is not begun within the times specified in this paragraph, the petition shall be dismissed with prejudice* after notice and hearing if:

(1) the child has not agreed to the delay or has not been responsible for the failure to comply with the time limits; and

(2) the child has been prejudiced by the delay.

[Emphasis added.]

■ The State contends that because the children's court judge is not bound by the findings and conclusions contained in the report of the special master, and the special master has no power to order the Child herein to be adjudicated a delinquent child, the adjudicatory process is not concluded until the children's court receives and acts on the report of the special master. The State also argues that parties to a proceeding presided over by a special master are permitted to "file exceptions to [any] proposed findings, conclusions, recommendations or proposed orders ... within five (5) days after service of the ... report...." SCRA 1986, 10–111(E) (Cum.Supp.1994). Thus, the State reasons that the twenty-day time limit within which a dispositional hearing must be held is not triggered until any exceptions are filed and the children's court judge acts on the report of the special master.

We believe the interpretation urged by the State negates the time limit prescribed by SCRA 10–229(B) and runs counter to the plain language of the rule. The words directing that "the dispositional hearing shall begin within twenty (20) days from the date

the adjudicatory hearing was concluded," clearly articulates an intent that the adjudicatory hearing shall commence within twenty days after the close of the taking of any evidence and the submission of legal arguments. *Id.; cf. State v. Doe,* 93 N.M. 621, 625, 603 P.2d 731, 735 (Ct.App.1979) (construing former children's court rule to require dismissal with prejudice of petition to revoke probation, where there was a failure to hold hearing within thirty days of petition and child was in custody); *State v. Doe,* 93 N.M. 31, 33–34, 595 P.2d 1221, 1223–24 (Ct. App.1979) (interpreting language of former Children's Court Rule 49(b) specifying time limit for beginning dispositional hearing so as to insure prompt handling of children's court matters); *see also In re Brown,* 13 Md.App. 625, 284 A.2d 441 (1971) (determining that "adjudicatory hearing" ends after close of the taking of evidence before a special master). Additionally, we think the State's argument, that the rule should not be interpreted to activate the running of the prescribed time limits until the children's court judge acts on the report of the special master runs counter to another children's court rule—SCRA 10–111(H), which provides: "No time limit set forth in these rules shall be tolled or enlarged because of the appointment of a special master or a [court appointed special advocate]."

Pointing to the Committee Commentaries pertaining to SCRA 10–229, the Child contends that the time limitations set forth in SCRA 10–229(B) apply only when a child is held in detention, and that the underlying purpose of the rule's twenty-day time limit is to prevent an individual's continued detention without prompt final disposition. We agree. As noted in the Commentary to SCRA 10–229: "There is no time limit for the dispositional hearing of children who are not in detention or undergoing diagnosis."

In the instant case, the Child was held in detention following the completion of the adjudicatory hearing on December 23, 1993, until the dispositional hearing on January 20, 1994. Thus, a period of twenty-eight days elapsed between the adjudicatory hearing and the dispositional hearing. On appeal the State has not relied on any claim that the Child agreed to or was responsible for the delay or that the Child was not prejudiced by the delay. Therefore, we need not address those issues. Violation of the time requirements of the rule required dismissal with prejudice of the petition against the Child. SCRA 10–229(B).

■■■ NMSA 1978, Section 32–1–31(H) (Repl.Pamp.1989) authorizes the children's court to continue a dispositional hearing

> for a reasonable time to receive reports and other evidence bearing on the need for care or rehabilitation or in connection with disposition. The court shall continue the hearing pending the receipt of the predisposition study and report if that document has not been prepared and received. During any continuances under this subsection, the court shall make an appropriate order for detention or legal custody.

We see no conflict between the rule and the statute. The statute grants discretion to the children's court in a wide variety of circumstances; the rule simply states that in one specific circumstance that discretion should not be exercised to delay a hearing. Moreover, ordinarily the provisions of a procedural rule adopted by our Supreme Court prevail over a contrary statutory provision. *See Doe,* 93 N.M. at 625, 603 P.2d at 735 ("Where there is a conflict between a statute and a procedural rule, the rule prevails.").

*CONCLUSION*

The judgment and disposition of the children's court are reversed, and the cause is remanded with instructions to dismiss the petition with prejudice.

IT IS SO ORDERED.

HARTZ and FLORES, JJ., concur.