2002-NMCA-077

50 P.3d 569

**In the Matter of CHRISTOBAL V., a Child, Respondent–Appellee.**

**No. 21,795.**

Court of Appeals of New Mexico.

May 30, 2002.

Certiorari denied, No. 25,570, July 15, 2002.

Patricia A. Madrid, Attorney General, James O. Bell, Assistant Attorney General, Santa Fe, NM, for Appellant.

Phyllis H. Subin, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

CASTILLO, Judge.

{1} In this case we are asked to review the effect of Rule 10–230.1(B) NMRA 2002 on an order entered 132 days after the filing of a motion to reconsider a child's disposition under the Children's Code. Christobal V. (Child) was originally sentenced to the custody of the New Mexico Youth Authority (Authority) for a two-year commitment. Child timely filed a motion to reconsider. The matter was set for hearing 132 days after the motion was filed. At the hearing, the State moved to dismiss the motion to reconsider arguing that Rule 10 230.1(B) requires such motions to be determined within ninety days from date of filing or they are deemed denied by operation of law. The children's court reconsidered the motion notwithstanding the provisions of Rule 10–230.1(B) and reduced the Child's sentence to one year. We reverse.

**BACKGROUND**

{2} Child entered into a plea agreement wherein he pled no contest to aggravated battery with a deadly weapon and was to be sentenced as a juvenile. There was no agreement as to disposition. The children's court filed a judgment and disposition sentencing Child to the custody of the Authority for a period not to exceed two years. On May 17, 2000, Child timely filed a motion to reconsider his disposition. Over a month later, Child filed a request for motion setting. Child did not submit an order setting a hearing on the motion together with the motion as provided by Rule 10–230.1(B). Notice of the hearing date was mailed to counsel on September 12, 2000, 118 days after the motion was filed. The hearing on Child's motion to reconsider was held on September 21, 2000, 132 days after the motion was filed.

{3} At the motion hearing, pursuant to Rule 10–230.1(B), the State moved to dismiss Child's motion to reconsider on the grounds that the ninety-day period allowed for determination of this type of motion had expired.

Based on its belief that the motion could be revived, the children's court denied the State's motion to dismiss and reduced Child's commitment from two years to one. All judicial action on the motion was taken more than ninety days after the motion was filed. The State appeals the order denying its motion to dismiss and entry of judgment reducing Child's commitment.

## DISCUSSION

{4} Rule 10–230.1(B) states as follows:

**Reduction of term of commitment.** A motion to modify or reconsider the judgment or disposition may be filed by the respondent within thirty (30) days after the judgment is filed. A form of order setting a hearing on the motion shall be submitted with the motion. The court shall determine the motion within ninety (90) days after the date it is filed or the motion is deemed denied.

The State argues that the plain language of Rule 10–230.1(B) requires the children's court to rule on a motion to reconsider within ninety days from the date the motion is filed, or the motion is deemed denied by operation of law. We agree that the language is clear, its import unambiguous. The Rule gives the children's court ninety days to decide the motion and no more. The Rule has been approved by our Supreme Court. It would take a compelling argument for us to undertake a different interpretation of Rule 10–230.1.

{5} Child urges affirmance based on four arguments. Relying on NMSA 1978, § 32A–2–23(G) (1995) and *State v. Aguilar*, 95 N.M. 578, 579, 624 P.2d 520, 521 (1981), Child first argues that the State has no right to appeal this decision. Secondly, Child claims that because the children's court invited the reconsideration, the children's court had the discretion to extend the ninety days in order to receive information necessary to make a determination. Child also contends that his due process rights would have been denied had the motion not been heard. Lastly, Child asserts that Rule 10–230.1(B) conflicts with the inherent purpose of Section 32A–2–23 of the Children's Code and therefore the statute, which does not set a time limit for determination of reconsideration motions,

should control. We disagree with Child and reverse.

{6} Before we discuss the arguments, we address Child's representation that the children's court initiated the reconsideration by inviting the motion and continued taking action by consistently apprising counsel that certain documents were needed in order to thoroughly and properly review Child's motion. The record does not support this description of events but, instead, discloses the following. After the children's court sentenced Child, Child's attorney asked the court, "May I be allowed to present for reconsideration?" The children's court responded, "Sure." This exchange does not support Child's conclusion that the children's court invited the reconsideration. Furthermore, the children's court made no notations on the judgment and disposition that the sentence would be reconsidered.

{7} Additionally, the alleged invitation to reconsider was not mentioned at any time during the hearing on the motion to reconsider. Child argued that the children's court had the discretion to rule on the motion and pointed to scheduling problems based on conversations with the children's court secretary that the children's court "wanted to know what was new" and "whether or not to schedule it." At the hearing on the motion, the children's court made no reference to problems with information gathering. On the contrary, the children's court alluded to scheduling problems by commenting that it was "not sure why we are setting these past ninety days." The children's court ruled that the late setting was not the fault of Child and concluded that "if the rule provides that I am deemed to deny it (the motion), then I will revive it." This record demonstrates that the children's court neither initiated nor invited the motion nor requested specific information before scheduling the hearing. We clarify this issue now because Child relies on a mistaken characterization of the record as the basis for two of his arguments. We now turn to Child's four points.

## RIGHT TO APPEAL

{8} Article VI, Section 2 of the New Mexico Constitution as amended in 1965

provides that "an aggrieved party shall have an absolute right to one appeal." An "aggrieved party" means a party whose interests are adversely affected. *State v. Castillo,* 94 N.M. 352, 354, 610 P.2d 756, 758 (Ct.App. 1980). The State is aggrieved by a disposition contrary to law and may properly challenge such a disposition on appeal. NMSA 1978, § 32A–1–17 (1999); *State v. Santillanes,* 96 N.M. 482, 486, 632 P.2d 359, 363 (Ct.App.1980), *aff'd in part & rev'd in part on other grounds by,* 96 N.M. 477, 478, 632 P.2d 354, 355 (1981); *State v. Doe,* 95 N.M. 90, 92, 619 P.2d 194, 196 (Ct.App.1980). Consequently, this appeal is properly before this Court.

## COURT'S DISCRETION TO EXTEND TIME TO HEAR MOTION

■ {9} Child acknowledges that the interpretation and application of the law by the children's court are subject to de novo review. We agree. *State v. Brown,* 1999–NMSC–004, ¶ 8, 126 N.M. 642, 974 P.2d 136; *State v. Muniz,* 2000–NMCA–089, ¶ 7, 129 N.M. 649, 11 P.3d 613.

{10} Child argues that the children's court has discretion to extend time limitations for good cause shown, citing *In re Ruben D.,* 2001–NMCA–006, ¶ 23, 130 N.M. 110, 18 P.3d 1063. According to Child, there was good cause because the children's court invited the reconsideration and was waiting to receive the necessary documents for Child's disposition. Child's argument fails for two reasons. First, we find Child's reliance on *In re Ruben D.* to be misplaced. In that case, although the original hearing was scheduled before child's commitment expired, the order was not entered until after expiration of the original commitment. This Court affirmed because the child had asked for an extension of time, which we considered good cause. In the case before us, however, no continuance was requested and no motion to enlarge time was ever filed. Rule 10–106 NMRA 2002. Further, the children's court did not invite the reconsideration and the record contains no references to the need for a letter and information on the pre-disposition recommendations.

## CHILD'S RIGHT TO DUE PROCESS

{11} Child relies on *Hayes v. State,* 106 N.M. 806, 808, 751 P.2d 186, 188 (1988), arguing that his due process rights would have been denied if his motion had not been heard. In *Hayes,* the trial court initiated the idea of reconsideration and assured Hayes that his motion for reconsideration would be heard. The record in this case reveals that Child initiated the request to file a motion to reconsider and that unlike *Hayes,* the children's court did nothing to create any expectation that his sentence would be modified in the future. Child's argument fails because there are no facts in the record to support a violation of due process.

## PROVISIONS OF RULE AND STATUTE

■ {12} In his last argument, Child argues that Section 32A–2–23(G) of the Children's Code conflicts with Rule 10–230.1(B), and the conflict should be reconciled in favor of Child. Child refers to language in the Children's Code which directs the Supreme Court to adopt rules of procedure "not in conflict with the Children's Code." NMSA 1978, § 32A–1–5(B) (1993). We review the construction of children's court rules de novo. *Muniz,* 2000–NMCA–089, ¶ 7, 129 N.M. 649, 11 P.3d 613; *State v. Carlos A.,* 1996–NMCA–082, ¶ 6, 122 N.M. 241, 923 P.2d 608. Section 32A–2–23(G) reads as follows:

> A child may make a motion to modify a children's court or adult disposition within thirty days of the judge's decision. If the court is of the opinion that the matter should be reviewed, it may, upon notice to all necessary parties, proceed to a hearing in the manner provided for hearings on petitions alleging delinquency.

Child emphasizes that this statute does not impose any time limitation for the determination of a motion to reconsider a child's sentence while Rule 10–230.1(B) sets a ninety-day limit. Child maintains that the legislature never intended to place such strict limitations on the court's authority to hear the motion. Thus, Child concludes that because the rule conflicts with the statute, the statute controls and prohibits the imposition of a deadline for the determination of motions.

■ {13} While we agree that Section 32A–2–23(G) does not impose any time limi-

tations regarding the disposition of motions, we do not agree that the language of the statute prohibits a rule imposing such a deadline. Generally, any conflict between rules of procedure of the Supreme Court and statutes that relate to procedure must be resolved in favor of the rules. *Maestas v. Allen*, 97 N.M. 230, 231, 638 P.2d 1075, 1076 (1982). To the extent that procedural rules of the children's court conflict with statutory provisions, the rules usually control. *Smith v. Martinez*, 96 N.M. 440, 441, 631 P.2d 1308, 1309 (1981). *In re Paul T.*, 118 N.M. 538, 540, 882 P.2d 1051,1053 (Ct.App.1994).

{14} Child also relies on *In re Zac McV.*, 1998–NMCA–114, ¶ 16, 125 N.M. 583, 964 P.2d 144 for the proposition that Section 32A–2–23(G) provides the children's court with the authority to hear modification motions for "such further time as may be necessary to enable the court to rule on a motion." Because Rule 10–230.1(B) would limit the time allowed to hear the motion, Child concludes that under *In re Zac McV.* the rule conflicts with the statute. Child misreads our holding. In *In re Zac McV.*, this Court differentiated between Section 32A–2–23(G), which pertains to child-initiated motions for reconsideration, and Section 32A–2–23(F), which pertains to court-invited motions for reconsideration. The holding of *In re Zac McV.* was based on a court-initiated motion. Rule 10–230.1(B) clearly applies to child-initiated motions, as it specifically refers to those motions "filed by the respondent," who is the juvenile in these cases. We see no conflict.

{15} Lastly, Child relies on certain language in the Children's Code and in the children's court rules to argue that there is conflict and the statute should prevail. Whether a rule has the force of a law depends on whether the rule is promulgated in accordance with the statutory mandate to carry out and effectuate the purpose of the applicable statute. *See Las Cruces v. Pub. Employee Labor Relations Bd.*, 121 N.M. 688, 690, 917 P.2d 451, 453 (1996); *State ex rel. Helman v. Gallegos*, 117 N.M. 346, 356–57, 871 P.2d 1352, 1362–63 (1994). When a rule is not in conflict with legislative policy, the rule has the force of law. *Romero v. Dairyland Ins. Co.*, 111 N.M. 154, 156, 803

P.2d 243, 245 (1990). We recognize that the legislative purpose of the Children's Code is "to provide judicial and other procedures through which the provisions of the Children's Code are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights are recognized and enforced." NMSA 1978, § 32A–1–3(B) (1999). Children's court rules "are intended to provide for the just determination of children's court proceedings. They shall be construed to secure simplicity in procedure, fairness in administration, elimination of unjustifiable expense and delay and to assure the recognition and enforcement of constitutional and other rights." Rule 10–101(B) NMRA 2002. The purposes of the Children's Code and the children's court rules are similar and we see nothing to prevent the application of Rule 10–230.1(B) ninety-day limit for determining a child-initiated motion to reconsider filed pursuant to Section 32A–2–23(G).

{16} Child also acknowledges that both this Court and the Supreme Court have held thirty- and ninety-day jurisdictional time limits to be reasonable. *See State v. Trujillo*, 117 N.M. 769, 771, 877 P.2d 575, 577 (1994); *Hayes*, 106 N.M. at 808, 751 P.2d at 188 (stating that as a matter of law a motion is denied if the court does not enter a final ruling on it within a reasonable time frame of ninety days); *Chavez–Rey v. Miller*, 99 N.M. 377, 380, 658 P.2d 452, 455 (Ct.App.1982) (holding court lost jurisdiction to enter its order after thirty days and the motion was denied by operation of law). Child argues that his case can be distinguished because the trial court took action between the time of filing the motion and the hearing date. As stated above, the record shows otherwise.

## CONCLUSION

{17} We hold that Rule 10–230.1(B) applies to child-initiated motions to reconsider authorized by Section 32A–2–23(G). Therefore, absent time enlargements allowed by Rule 10–106, the children's court must determine any child-initiated motion to reconsider within ninety days after the motion is filed, or such motion is deemed denied. Accordingly, the order of the children's court dated September 25, 2000, is reversed and

the judgment and disposition entered on April 18, 2000, is reinstated.

{18} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, and A. JOSEPH ALARID, Judge.