This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.

**ADELA GONZALES,**

    Defendant-Appellee.

**NO. 32,781**
consolidated with **NO. 32,782**

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Ralph D. Shamas, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellee.

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     The State appeals an amended judgment reducing Defendant Adela Gonzales's sentence from eighteen years' imprisonment to nine years' imprisonment. In our notice of proposed summary disposition, we proposed to reverse. Gonzales has filed a memorandum in opposition, which this Court has duly considered. As we do not find Gonzales's arguments persuasive, we reverse.

{2}     The State contends that the district court lacked jurisdiction to reduce Gonzales's sentence several years after the entry of the original 2009 judgment and sentence. [DS 4] In our notice of proposed summary disposition, we proposed to hold that the district court was without authority to consider Gonzales's February 8, 2013 motion to amend her sentence. Rule 5-801 NMRA governs the time within which a sentence may be modified, and its time limits are jurisdictional. *See Hayes v. State*, 1988-NMSC-021, ¶ 8, 106 N.M. 806, 751 P.2d 186, 188. Rule 5-801(A) provides that an illegal sentence may be corrected at any time pursuant to Rule 5-802 NMRA, the rule governing habeas corpus proceedings. Our notice stated that we did not believe Gonzales's motion came within the terms of this provision as there was nothing in her motion or in the record to suggest that her sentence was illegal. Therefore, we stated that it appeared that Gonzales's motion could only be brought pursuant to Rule 5-801(B).

2

**{3}** Rule 5-801(B) states that a motion to reduce a sentence can be filed within ninety days of one of three triggering events: (1) the imposition of the original sentence, (2) the receipt of a mandate issued upon the affirmance of the judgment or dismissal of an appeal, or (3) the receipt of an appellate court order that has the effect of upholding a conviction. Because Gonzales entered into a guilty plea and therefore did not appeal her conviction, the only triggering event at issue in this case was the imposition of the original sentence. As Gonzales did not file her motion within ninety days of the original sentence, we proposed to hold that the district court lacked jurisdiction to amend her sentence. Although the district court stated that it was modifying the sentence on its own motion, we proposed to hold that it lost jurisdiction to do so after the ninety-day period set forth in Rule 5-801(B).

**{4}** In Gonzales's memorandum in opposition, she argues that principles of equity and justice allow a district court judge to reduce a sentence, even when the jurisdictional time limits imposed by Rule 5-801(B) have passed. [MIO 2] She argues that the district court could have reduced her sentence pursuant to Rule 1-060(B)(6) NMRA, based on exceptional circumstances. Gonzales cites no authority in support of this proposition, and we presume that this is because there is none. *See State v. King*, 2013-NMSC-014, ¶ 10, 300 P.3d 732 (stating that when a party fails to cite any authority to support an argument, an appellate court will presume that no such

3

authority exists). As Gonzales recognizes, Rule 1-060(B) generally governs relief from a judgment or order in civil cases and serves to permit a criminal case to be reopened under limited circumstances. *See State v. Barraza*, 2011-NMCA-111, ¶ 10, 267 P.3d 815 (holding that coram nobis type relief from a criminal judgment under Rule 1-060(B) is not available unless the petitioner demonstrates that relief through habeas corpus proceedings is unavailable or otherwise inadequate and explaining that such circumstances arise when a defendant has finished serving a sentence, including any probation, such that habeas corpus relief is unavailable and the only possible relief is through Rule 1-060(B)). Gonzales has not explained why Rule 1-060(B) should be construed to provide relief for a criminal defendant who is still serving a sentence and wishes to have that sentence reduced. It is the Rules of Criminal Procedure that offer a means of reducing a sentence while it is being served, *see* Rule 5-801; Rule 5-802, and we therefore conclude that these rules control.

{5}     In addition, even if a motion pursuant to Rule 1-060(B) had been procedurally proper here, the evidence Gonzales presented at the hearing was simply that she had learned her lesson in prison and that getting out sooner would allow her to support her mother, children, and grandchildren, who were having various difficulties. [MIO 2] Gonzales provides no authority to suggest that such evidence would be sufficient to

4

constitute exceptional circumstances justifying relief from a criminal sentence, and again, we presume that this is because there is none.

{6} In the alternative, Gonzales argues that because two prior motions to reduce her sentence raised possible claims of ineffective assistance of counsel, the district court could have properly reduced her sentence pursuant to Rule 5-802. Because exclusive jurisdiction over such decisions rests in our Supreme Court pursuant to Rule 12-102(A)(3) NMRA and Rule 5-802(H)(1), Gonzales asks this Court to transfer her case there. However, the February 8, 2013 motion does not mention any ineffective assistance of counsel, and Gonzales does not represent that the evidence at the hearing addressed any possible claim of ineffective assistance of counsel. Instead, she states that the evidence focused on Gonzales's claim that she had been changed for the better by her experience in prison and on her wish to be released sooner in order to help her family. [MIO 2] There is nothing in Gonzales's motion or in the evidence she presented that would have alerted the district court to any claim that Gonzales's sentence was illegal or that her plea agreement was made on the improper advice of counsel. Accordingly, there is no reason to believe that either Gonzales or the district court thought that her motion was a petition for a writ of habeas corpus, and there is no other basis on which we could construe the motion as such. We decline to transfer this case to our Supreme Court.

{7}     Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we reverse.

{8}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**