**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ADAM SADLOWSKI,

     Defendant - Appellant.

No. 19-2004

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:16-CR-00847-JCH-1)**
_____

Jason Bowles of Bowles Law Firm, Albuquerque, New Mexico, for Defendant - Appellant.

Frederick Mendenhall, Assistant United States Attorney (and John C. Anderson, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff - Appellee.
_____

Before **BRISCOE**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

**KELLY**, Circuit Judge.

     Defendant-Appellant Adam Sadlowski entered a conditional plea of guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) & 924(a)(2), reserving the right to appeal the district court's denial of his motion to suppress. United States v. Sadlowski, No. CR 16-847 MCA, 2017 WL 5186360 (D.N.M. Nov. 8, 2017). He was

sentenced to 51 months' imprisonment and three years' supervised release. On appeal, he argues that the district court erred because (1) the state metropolitan court lacked jurisdiction to issue a felony-related search warrant, (2) the warrant's issuance violated Rules 4.1 and 41 of the Federal Rules of Criminal Procedure, (3) the warrant was deficient for lack of probable cause and particularity, and (4) he was entitled to a <u>Franks</u> hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## Background

On February 21, 2016, a state metropolitan court judge issued a search warrant for Mr. Sadlowski's residence and vehicle. Aplt. App. 78. In support of probable cause, Detective Gerald Koppman of the Bernalillo County Sheriff's Office (BSCO) included information provided by a confidential informant. <u>Id.</u> at 81. The informant told Detective Koppman that on several occasions, he or she had purchased methamphetamine from Mr. Sadlowski. <u>Id.</u> These transactions occurred at either Mr. Sadlowski's residence, located at 808 Rio Arriba Avenue SE in Albuquerque or at other locations; Mr. Sadlowski would arrive in a black Bentley or red motorcycle. <u>Id.</u> The informant also stated that Mr. Sadlowski always carried a pistol and the informant had seen other firearms in Mr. Sadlowski's residence, garage, and vehicle. <u>Id.</u> Detective Koppman further stated that Mr. Sadlowski had prior felony convictions, including one for drug trafficking, and was prohibited from carrying firearms. <u>Id.</u>

The next day, BSCO detectives, a detective from the Valencia County Sheriff's Department, and Alcohol, Tobacco, and Firearm (ATF) agents executed the search

warrant at Mr. Sadlowski's residence.  Id. at 180.  Once inside, they found several firearms and ammunition.  Id. at 16.

Mr. Sadlowski filed a motion to suppress the evidence recovered at his residence. Id. at 19.  The district court held a hearing on the matter and ultimately denied the motion.

## Discussion

"When reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government, accept the district court's findings of fact unless clearly erroneous, and review de novo the ultimate determination of reasonableness under the Fourth Amendment."  United States v. Katoa, 379 F.3d 1203, 1205 (10th Cir. 2004). We afford a magistrate judge's probable cause determination "great deference" and review "merely to ensure the Government's affidavit provided a 'substantial basis' for reaching that conclusion."  United States v. Biglow, 562 F.3d 1272, 1280 (10th Cir. 2009) (quoting Illinois v. Gates, 462 U.S. 213, 238–239 (1983)).  However, "[d]eterminations relating to the sufficiency of a search warrant," including whether the warrant is sufficiently particularized, "are conclusions of law . . . which this court reviews de novo."  United States v. Danhauer, 229 F.3d 1002, 1005 (10th Cir. 2000).

## A.     The Metropolitan Court Properly Issued the Warrant

Mr. Sadlowski first argues that the metropolitan court lacked jurisdiction to issue a felony-related search warrant because it lacks jurisdiction over felony cases.  But this argument asks the wrong question.  As the district court emphasized, a court's authority

3

to hear a case and a court's authority to issue a search warrant are two separate concepts. See Bevington v. United States, 35 F.2d 584, 584 (8th Cir. 1929) ("[T]he procuring of a search warrant . . . is not, in any sense, the commencement of a prosecution."). The state's Rule of Criminal Procedure for the Metropolitan Courts 7-208(A), as laid out below, provides the metropolitan court with authority to issue search warrants relating to felony offenses:

> A warrant may be issued by the [metropolitan] court to search for and seize any
>
> (1) property which has been obtained or is possessed in a manner which constitutes a criminal offense;
> (2) property designed or intended for use or which is or has been used as the means of committing a criminal offense;
> (3) property which would be material evidence in a criminal prosecution; or
> (4) person for whose arrest there is probable cause, or who is unlawfully restrained. A warrant shall issue only on a sworn written statement of the facts showing probable cause for issuing the warrant.

N.M. Rules Ann. 7-208(A). The rule does not differentiate between the severity of crimes at issue but rather grants metropolitan courts blanket authority to issue search warrants for any "criminal offense." As Mr. Sadlowski was clearly suspected of committing a criminal offense, the metropolitan court did not exceed its authority in issuing the search warrant.

Mr. Sadlowski argues that the state court system cannot determine the jurisdiction of its courts as this is a task properly left to the legislature but this argument again conflates jurisdiction to hear a case with the authority to issue a search warrant. As regards the metropolitan courts authority to issue a search warrant, New Mexico's rules

4

enabling statute gives the state supreme court's rules the force of law, <u>see</u> N.M. Stat.

Ann. § 38–1–1(A) ("The supreme court of New Mexico shall, by rules promulgated by it

from time to time, regulate pleading, practice and procedure in judicial proceedings in all

courts of New Mexico for the purpose of simplifying and promoting the speedy

determination of litigation upon its merits."), when they are "promulgated in accordance

with the statutory mandate to carry out and effectuate the purpose of the applicable

statute," <u>In re Christobal V.</u>, 50 P.3d 569, 573 (N.M. Ct. App. 2002). Nothing suggests

that the above rule was not promulgated in accordance with the enabling act, thus we

reject Mr. Sadlowski's challenge to the metropolitan court's authority to issue the search

warrant in question.

**B.      Rules 4.1 and 41 Are Not Applicable**

Mr. Sadlowski next argues that the search warrant was sufficiently federal such

that it should have been issued in accordance with Rules 4.1 and 41 of the Federal Rules

of Criminal Procedure. Rule 41 "provides that a search warrant may be issued by a

federal magistrate or a judge of a state court of record within the district wherein the

property is located." <u>United States v. Millar</u>, 543 F.2d 1280, 1283 (10th Cir. 1976).

However, "[i]f a search is a state search, with minimal or no federal involvement, the

warrant need only to conform to federal constitutional requirements." <u>Id.</u> The search

here was not sufficiently federal in character to mandate application of the Federal Rules

of Criminal Procedure. This situation is analogous to that <u>United States v. Barrett</u>, where

the panel held that a search warrant retained its state character given that "the warrant

was requested by a state law enforcement officer, was issued by a state magistrate judge,

5

[] the original plan had been for only state law enforcement officers to execute the warrant. . . , [and] there was no evidence that a federal prosecution was envisioned at the time of the search." 496 F.3d 1079, 1090–91 (10th Cir. 2007). We therefore disagree with Mr. Sadlowski's characterization of the warrant as federal in character and find that the warrant was not governed by Rules 4.1 and 41.

Further, even if we assume the search was federal in character and that Rules 4.1 and 41 were violated, suppression is only warranted if the rule violation was (1) of constitutional magnitude; (2) prejudicial; or (3) intentional and deliberate. See United States v. Krueger, 809 F.3d 1109, 1113–14 (10th Cir. 2015). Mr. Sadlowski does not attempt to argue or point to evidence showing that any of these requirements for suppression are met. He instead merely contends that rule violations occurred. Accordingly, suppression under these arguments is not warranted.

## C. The Warrant Was Not Deficient

Mr. Sadlowski next argues that the warrant was deficient as it was neither based on probable cause nor sufficiently particularized to authorize a search of his residence. We disagree. First, the metropolitan court had a substantial basis for making the probable cause determination, see Biglow, 562 F.3d at 1280, based on the detailed information Detective Koppman provided in the underlying affidavit. Further, the underlying affidavit's reliance on both a confidential informant (who was known to Detective Koppman and the court through ex parte proceedings) and a confidential source that corroborated the account of the confidential informant provided sufficiently detailed information that "indicate[d] personal knowledge" pertaining to Mr. Sadlowski's

6

residence, vehicles, and activities. Sadlowski, 2017 WL 5186360, at *8. As such, we affirm that the warrant was supported by probable cause.

As to the argument that the search warrant was deficient because it did not describe the residence with sufficient particularity, the warrant's supporting affidavit belies this. While "[t]he Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents," the Supreme Court does not prohibit "a warrant from cross-referencing other documents." Groh v. Ramirez, 540 U.S. 551, 557 (2004). A search warrant may incorporate the underlying affidavit by reference where it "expressly refer[s] to the affidavit and incorporate[s] it by reference using suitable words of reference." United States v. Williamson, 1 F.3d 1134, 1136 n.1 (10th Cir. 1993) (quoting United States v. Leary, 846 F.2d 592, 603 (10th Cir. 1988)). Here, the warrant plainly incorporated the underlying affidavit when it authorized BSCO agents to search "the persons and/or place described in the [a]ffidavit," Aplt. App. 78. The warrant also contained the following description of his residence:

> The residence to be searched is located in the City of Albuquerque, County of Bernalillo, and State of New Mexico. The residence is a single story dwelling with a pitched, shingled roof. The exterior of the residence is grey in color. The door to the residence faces north. The garage door is red in color and also faces north. The numerics "808" are posted on the mailbox, which is in the front of the residence, as well as on the curb.

Id. at 79. Mr. Sadlowski's address is also printed in the upper-left hand corner of every page of the warrant application. The warrant is sufficiently particular.

For the same reasons, we dismiss Mr. Sadlowski's additional arguments that the search exceeded the scope of the warrant because a search of his residence was not

7

authorized, and that the warrant was deficient for failing to detail the items that law enforcement officers anticipated seizing. First, the search of Mr. Sadlowski's residence is clearly authorized by the above language. Second, the affidavit lists the anticipated fruits of the search including firearms, controlled substances including methamphetamine, cocaine, and heroin, and "US currency in denominations consistent with sales of" controlled substances. Id. at 79–80. As the affidavit is incorporated into the search warrant, we find no particularity issue present on these points.

Finally, Mr. Sadlowski argues that the warrant lacked particularity as to the confidential informant. Information from confidential informants is reliable "so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." Jones v. United States, 362 U.S. 257, 269 (1960) (overruled on other grounds by United States v. Salvucci, 448 U.S. 83, 95 (1980)). The evidence was sufficiently corroborated by Detective Koppman's independent surveillance that indicated drug trafficking was taking place at Mr. Sadlowski's residence, and the fact that a second confidential source also identified Mr. Sadlowski as a drug-trafficker. Aplt. App. 81–82. As such, we find the warrant sufficiently particular in this regard.

**D.**    **Franks Hearing Issue**

Finally, Mr. Sadlowski argues that he was entitled to a Franks hearing to determine whether Detective Koppman either falsified or was reckless in preparing the warrant's underlying affidavit. Franks v. Delaware, 438 U.S. 154 (1978). A defendant is entitled to a Franks hearing if he "makes a substantial showing that the affidavit contains intentional or reckless false statements and if the affidavit, purged of its falsities, would

8

not be sufficient to support a finding of probable cause." <u>United States v. Kennedy</u>, 131 F.3d 1371, 1376 (10th Cir. 1997). Mr. Sadlowski failed to present any evidence that Detective Koppman deliberately misled the warrant-issuing state court judge or prepared the affidavit with a reckless disregard for the truth at either the suppression hearing or in supplemental briefing. Accordingly, the district court did not err in denying Mr. Sadlowski a <u>Franks</u> hearing.

AFFIRMED.